Case 1:20-cv-03146-DKC   Document 19-2   Filed 10/29/20   Page 1 of 35

CIRCUIT COURT FOR BALTIMORE CITY
Marilyn Bentley
Clerk of the Circuit Court
Courthouse East
111 North Calvert Street
Room 462
Baltimore, MD 21202-
(410)-333-3722, TTY for Deaf: (410)-333-4389

SEP 30 '20 14:20

W R I T   O F   S U M M O N S   ( P r i v a t e   P r o c e s s )

Case Number: 24-C-20-004044 OC
C I V I L

Jawone D. Nicholson vs State Of Maryland, et al

STATE OF MARYLAND, BALTIMORE CITY, TO WIT:

To: MAYOR AND CITY COUNCIL OF THE CITY OF BALTIMORE
100 North Holliday Street
Baltimore, MD 21202

You are hereby summoned to file a written response by pleading or motion, within 30   days after service of this summons upon you, in this court, to the attached Complaint filed by:   Jawone D. Nicholson
9105 Helaine Hamlet Way
Columbia, MD 21045

WITNESS the Honorable Chief Judge of the Eighth Judicial Circuit of Maryland

Date Issued:   09/24/20

Marilyn Bentley
Clerk of the Circuit Court   per   AS

To the person summoned:

FAILURE TO FILE A RESPONSE WITHIN THE TIME ALLOTTED MAY RESULT IN A JUDGMENT BY DEFAULT OR THE GRANTING OF THE RELIEF SOUGHT AGAINST YOU.

Personal attendance in court on the day named is NOT required.

## IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

**JAWONE D. NICHOLSON**
9105 Helaine Hamlet Way
Columbia, MD 21045

SEP 30 '20 14:20

*Plaintiff,*

v.

*Jury Trial Demanded*

Case No.: _____

**STATE OF MARYLAND**
    Serve: Nancy K. Kopp
         State of Maryland
         Treasurer's Office
         80 Calvert St.
         Goldstein Treasury Bldg.
         Annapolis, MD 21401

**MAYOR AND CITY COUNCIL OF
THE CITY OF BALTIMORE**
100 North Holliday Street
Baltimore, Maryland 21202

and,

**BALTIMORE POLICE DEPARTMENT**
601 East Fayette Street
Baltimore, MD 21202

and,

**DAMOND DURANT**
601 East Fayette Street
Baltimore, MD 21202

*Defendants.*

RECEIVED
CIRCUIT COURT FOR
BALTIMORE CITY
2020 SEP 23  AM 8: 36

## COMPLAINT AND JURY DEMAND

Comes now the Plaintiff, by and through undersigned counsel, and sues the above-named

Defendants, stating as follows:

## INTRODUCTION

1)      On or about November 10, 2017, Plaintiff Jawone Nicholson ("**Plaintiff**"), then only 16-years-old, was waiting with a schoolmate for their after-school program pick-up van at a cul-de-sac situated behind his home.

2)      While waiting for his van, Defendant Damond Durant ("**Defendant Durant**") approached Plaintiff, claiming to live in the area and demanding to know who Plaintiff was.

3)      Plaintiff explained that he lived in the area and was waiting for his ride. This did not satisfy Defendant Durant, who continued to intimidatingly question the then-minor Plaintiff.

4)      Plaintiff attempted to walk away and call his grandmother, but Defendant Durant pulled a firearm and trained it on the 16-year-old.

5)      Luckily, by then, Plaintiff's grandmother was on the phone, and Plaintiff explained a man was holding him at gunpoint behind their house.

6)      Plaintiff's grandmother, mother, and older sister came outside to help Plaintiff and confront his assailant, who only then revealed that he was a Baltimore Police Officer.

7)      Plaintiff had done nothing to give rise to any reasonable suspicion or probable cause that he was or had been engaging in any crime, and was only waiting for his after-school pick-up van when Defendant Durant violated his rights against excessive force and unreasonable seizure.

## JURISDICTION AND VENUE

8)      This Court has jurisdiction pursuant to Md. Code, Cts. & Jud. Proc., § 6-102, as Defendants are domiciled in the State of Maryland and/or are organized under the laws of Maryland and have their principal place of business in the State.

9)      Venue is proper in this forum pursuant to Md. Code, Cts. & Jud. Proc., § 6-201(a) as the named Defendants carry on their principal place of business in Baltimore City, Maryland.

2

10)    Plaintiff, by way of his mother as he was still a minor at the time, provided notice

of his claim on October 31, 2018, via certified mail, return receipt requested, within one year of

the date of the incident which is the subject of this lawsuit, as required by Md. Code, Cts. & Jud.

Proc., § 5-304(b) and (c). All conditions precedent for the filing of this suit have been satisfied.

## PARTIES

11)    Jawone D. Nicholson (**"Plaintiff"**) is an adult resident of Howard County,

Maryland.

12)    Defendant Baltimore Police Department (**"Defendant Baltimore Police"**) is an

agency of Defendant State of Maryland, and named as a "local government" for purposes of this

lawsuit, pursuant to Md. Code, Cts. & Jud. Proc., § 5-301(d)(21).

13)    Defendant Damond Durant (**"Defendant Durant"**) is an adult resident of Howard

County, Maryland, whose principal place of business is Baltimore City, Maryland. At all times

relevant to the occurrence complained of herein, Defendant Durant was acting under color of law

and within the scope of his employment with Defendant Baltimore Police, an agency of Defendant

State of Maryland.

)    Defendant Mayor and City Council of the City of Baltimore (**"Defendant

Baltimore"**) is a body politic and corporate body that may sue and be sued and has waived any

applicable sovereign immunity in accordance with the Local Government Tort Claims Act under

Md. Code, Cts. & Jud. Proc. § 5-301, *et seq.*

14)    Defendant State of Maryland (**"Defendant State"**) is a body politic and corporate

body that may sue and be sued and has waived any applicable sovereign immunity in accordance

with the Maryland State Tort Claims Act under Md. Code, State Gov. § 12-104. Defendant State

3

was responsible for the hiring, training, supervision of Defendant Durant, and all employees and/or agents of Defendant Baltimore Police.

## FACTS COMMON TO ALL COUNTS

15)     On or about November 10, 2017, at approximately 3:45 pm, Plaintiff, who was then just 16 years old, was waiting for a ride from his after-school program pick-up van at a cul-de-sac situated just behind Plaintiff's home.

16)     Plaintiff's schoolmate, Brian Hatcher, was also waiting with Plaintiff for the after-school pick-up van.

17)     Defendant Durant saw Plaintiff waiting for the after-school pick-up van and took issue to the presence of a young Black male in the neighborhood. Defendant Durant approached Plaintiff, without cause or provocation, and demanded to know who Plaintiff was and why Plaintiff was there.

18)     Defendant Durant aggressively questioned Plaintiff, claiming that he had never seen Plaintiff around the neighborhood before.

19)     Seeing someone for the first time is not grounds for probable cause or reasonable suspicion.

20)     Plaintiff explained to Defendant Durant that he also lived in the neighborhood, and that Plaintiff had never seen Defendant Durant either.  Plaintiff further explained that he did not have to answer Defendant Durant's questions, but informed Defendant Durant that Plaintiff and his friend were waiting for their after-school pick-up van.

21)     Defendant Durant continued to question Plaintiff in an intimidating manner, threatening to call the police even though Plaintiff had done nothing wrong and was not required to answer Defendant Durant's questions.

4

22)   At this point, Plaintiff felt unsafe and feared for his physical safety.

23)   Plaintiff again told Defendant Durant he was waiting for his after-school pick-up van and that he and his friend were not doing anything wrong, so Defendant Durant was free to call the police if he wished.

24)   As Plaintiff and his friend were speaking to Defendant Durant, Defendant Durant was concealing his hands in his coat pocket.

25)   Fearing for their safety, Plaintiff and his friend began to walk away from Defendant Durant, and Plaintiff began to call his grandmother from his cellphone.

26)   As Plaintiff and his friend walked away, Defendant Durant antagonized Plaintiff, stating, "Oh, cause you wasn't gonna do shit."

27)   Still concerned for their safety, Plaintiff and his friend turned around and faced Durant to make sure they could see him as Plaintiff continued to attempt to reach his grandmother.

28)   Defendant Durant then revealed a firearm he had been concealing in his coat pocket and aimed it at the 16-year-old Plaintiff.

29)   Plaintiff feared for his life and safety, believing he was being robbed.

30)   By then, Plaintiff's grandmother was on the phone, and Plaintiff explained to her that a man was pulling a gun on him behind their house.

31)   Plaintiff's sister, mother and grandmother went outside and saw Defendant Durant confronting Plaintiff, and went down to attempt to protect Plaintiff. As they approached, Defendant Durant attempted to conceal his firearm, but kept his hands in his pocket.

32)   Defendant Durant then approached Plaintiff and Plaintiff's family members.

33)   Plaintiff's mother, Erica Hamlett ("**Ms. Hamlett**"), asked Defendant Durant why he had pulled a gun on her son.

34)     Defendant Durant menacingly approached Ms. Hamlett, Plaintiff, Plaintiff's sister, and Plaintiff's grandmother, keeping his hands in his coat pocket.

35)     Plaintiff's sister, Keymina Johnson, asked Defendant Durant to remove his hands from his pockets since he was carrying a firearm.

36)     Ms. Hamlett then called the police. Defendant Durant also called the police.

37)     Defendant Durant claimed he did not have to show his hands because he was "Baltimore City."

38)     Ms. Hamlett asked Defendant Durant what that meant, and Defendant Durant removed a badge from his coat pocket and stated he was a Baltimore City police officer.

39)     Defendant Durant's statement that during this interaction he was operating as a Baltimore City police officer demonstrates that Defendant Durant understood himself to be acting under color of law and in his capacity as a police officer during this incident, and that he was relying on his authority as a police officer to justify his actions, despite their unconstitutional character.

40)     At no point previously had Defendant Durant identified himself as a police officer. Rather than present his badge, clearly in his possession and in his coat pocket, when he had the opportunity, Defendant Durant instead aimed a firearm at Plaintiff, making Plaintiff fear for his life and his friend's life.

41)     Every school day after the incident for the next approximately four months, Plaintiff had to walk past the cul-de-sac where Defendant Durant confronted him in order to arrive at school, forcing him to relive the life-threatening encounter and live in constant fear for his safety. Plaintiff was constantly afraid of seeing Defendant Durant again.

42)   The area where the incident took place is located in view of Plaintiff's bedroom window, forcing him to constantly relive the incident.

43)   Defendant Durant was in possession of a firearm because he was employed and operating as a Baltimore police officer, but should not have been in possession of a firearm in the first place, since he was known by his employer, Defendant Baltimore Police, to have violated other citizens' constitutional rights in the past.

44)   Defendant Durant was allowed to remain in possession of his firearm by Defendant Baltimore Police, despite the fact they were on notice of Defendant Durant's proclivities towards violence and violating citizens' constitutional rights when Defendant Durant and the City of Baltimore were sued because Defendant Durant assaulted a citizen and broke his jaw while responding to a call for service, which, on information and belief, led to a settlement.

45)   On or about November 11, 2017, a Saturday, Ms. Hamlett went to Defendant Baltimore Police's headquarters in Baltimore, to attempt to file a complaint with internal affairs.

46)   When she arrived and explained the purpose of her visit, officers employed with Defendant Baltimore Police laughed at her request, and stated, "We heard about this. At least your son didn't die." The officers then told Ms. Hamlett she could come back on Monday because there were no internal investigators available on a Saturday.

47)   Shaken by the behavior of the officers, Ms. Hamlett instead filed for a peace order against Defendant Durant, and filed a complaint with the Baltimore City Civilian Review Board on or about December 7, 2017.

48)   Ms. Hamlett's complaint to the Civilian Review Board led to an internal investigation by Defendant Baltimore Police of Defendant Durant, but the investigation was done in such a negligent—and/or grossly negligent, and/or intentional, and/or malicious—manner that

the police filed disciplinary charges after the statute of limitations for doing so had expired, allowing Defendant Durant to continue to serve as a sworn law enforcement officer without facing any repercussions or additional training to ensure Defendant Durant did not violate citizens' rights in the future.

49)     Defendant Baltimore Police, Defendant State, and Defendant Baltimore each had a duty to ensure Defendant Baltimore Police's officers were trained to conduct their law enforcement activities within constitutional bounds, a duty to ensure Defendant Baltimore Police's Internal Affairs investigators were trained to understand statutes of limitation and the relevant time-frame in which investigations must be conducted and disciplinary charges filed, and a duty to discipline and/or fire officers who failed to conduct their law enforcement activities in a constitutional manner.

50)     Defendant Baltimore Police, Defendant State, and Defendant Baltimore breached their duty to train Defendant Durant in the state and federal constitutional limits of his police authority, which led Defendant Durant to believe he could pull his firearm on a minor on the sole basis that Defendant Durant had not seen the minor before. Such a breach constitutes negligence, and/or gross negligence, and/or an intentional violation of Plaintiffs' rights and person, and/or a malicious violation of Plaintiffs' rights and person.

51)     Defendant Baltimore Police, Defendant State, and Defendant Baltimore breached their duty to train Defendant Baltimore Police's internal investigators to ensure their investigations were concluded in time to file any necessary disciplinary charges within the applicable statute of limitations, resulting in disciplinary charges filed against Defendant Durant being dismissed, and Defendant Durant facing no discipline as a result of his violation of Plaintiff's rights and person.

This breach constitutes negligence, and/or gross negligence, and/or an intentional violation of Plaintiffs' rights and person, and/or a malicious violation of Plaintiffs' rights and person.

52)    Defendant Baltimore Police, Defendant State, and Defendant Baltimore breached their duty to discipline officers who violate the constitutional rights of citizens when Defendant Baltimore Police, Defendant State, and Defendant Baltimore each failed to discipline Defendant Durant after he broke a citizen's jaw during a call for service, and when Defendant Baltimore Police, Defendant State, and Defendant Baltimore's failure to adequately train Defendant Baltimore Police's internal investigatory staff allowed Defendant Durant to evade discipline for his violence against Plaintiff and violation of Plaintiff's rights. This breach constitutes negligence, and/or gross negligence, and/or an intentional violation of Plaintiffs' rights and person, and/or a malicious violation of Plaintiffs' rights and person.

53)    As a direct and proximate result of Defendant Baltimore Police, Defendant State, and Defendant Baltimore's negligence, and/or gross negligence, and/or intentional conduct, and/or malicious conduct, Plaintiff suffered physical and emotional damages, being subjected to unconstitutionally excessive force and having his search and seizure rights violated by Defendant Baltimore Police's employee and/or agent, Defendant Durant, as well as being made to fear for his life every day he went to school. Plaintiff has suffered from extreme and severe emotional stress and anguish resulting in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

54)    As a direct and proximate result of Defendant Durant's negligent, and/or grossly negligent, and/or intentional, and/or malicious conduct, Plaintiff suffered physical and emotional damages, being subjected to unconstitutionally excessive force and having his search and seizure

9

rights violated by Defendant Durant, as well as being made to fear for his life every day he went to school. Plaintiff has suffered from extreme and severe emotional stress and anguish resulting in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

55)    All the allegations herein, however worded, are pleaded alternatively as acts of negligence, gross negligence, intent, and/or malice, as determined at trial by the jury in this matter.

## COUNT I
### Fourth Amendment — False Arrest

56)    Every paragraph not falling under this Count is incorporated herein by reference.

57)    The Fourth Amendment of the Constitution of the United States protects citizens against unreasonable search or seizure, including protection against being arrested without probable cause. These constitutional protections are applied to the states and their political subdivisions under the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

58)    At all relevant times, Defendant Durant acted under color of State law. Defendant Durant identified himself to Plaintiff and Plaintiff's family as a Baltimore City police officer, and was acting under his authority as a Baltimore City police officer.

59)    Defendant Durant deprived Plaintiff of his rights under the Fourth Amendment of the Constitution of the United States by falsely depriving Plaintiff of his liberty without probable cause during Defendant Durant's unconstitutional interrogation of Plaintiff.

60)    When Defendant Durant attempted to interrogate Plaintiff, he had no constitutional basis for doing so, as Plaintiff was simply waiting for his ride and had done nothing to give

Defendant Durant probable cause to believe a crime had been, or was about to be, committed by Plaintiff.

61)     During his unconstitutional interrogation of Plaintiff, Defendant Durant aggressively threatened to call the police even though Plaintiff had done nothing wrong, stopped Plaintiff and Plaintiff's friend when they attempted to leave the area by antagonizing Plaintiff and stating, "Oh, cause you wasn't gonna do shit," and pulled a gun that he aimed directly at Plaintiff.

62)     Plaintiff feared for his life and safety, and was unable to leave during the time Defendant Durant was interrogating Plaintiff, threatening Plaintiff, and aiming a gun directly at Plaintiff.

63)     Defendant Durant's actions deprived Plaintiff of his liberty to leave the area.

64)     Plaintiff did not consent to Defendant Durant's deprivation of Plaintiff's liberty.

65)     Defendant Durant had no legal justification to deprive Plaintiff of his liberty. Defendant Durant had no probable cause to believe a crime had been, or was about to be, committed by Plaintiff, and no arrest warrant had been issued for Plaintiff.

66)     Defendant Durant's conduct constituted an utter disregard for the established and manifest Fourth Amendment rights of Plaintiff, to the point that Plaintiff was treated as if those rights did not exist, even though Defendant Durant knew, or should have known, of the existence of those rights. In the alternative, Defendant Durant's conduct constituted a knowing and intentional violation of Plaintiff's Fourth Amendment rights.

67)     As a direct and proximate result of Defendant Durant's conduct, Plaintiff suffered significant physical and emotional damages. Plaintiff has suffered from extreme and severe emotional stress and anguish resulting in physical manifestations, including, but not limited to,

11

anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

WHEREFORE, Plaintiff respectfully requests compensatory damages in an amount to be determined at trial, but in excess of $30,000, as well as any available punitive damages, in addition to costs and attorneys' fees.

### COUNT II
### Fourth Amendment — False Imprisonment

68)      Every paragraph not falling under this Count is incorporated herein by reference.

69)      The Fourth Amendment of the Constitution of the United States protects citizens against unreasonable search or seizure, including protection against being imprisoned without probable cause. These constitutional protections are applied to the states and their political subdivisions under the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

70)      At all relevant times, Defendant Durant acted under color of State law. Defendant Durant identified himself to Plaintiff and Plaintiff's family as a Baltimore City police officer, and was acting under his authority as a Baltimore City police officer.

71)      Defendant Durant deprived Plaintiff of his rights under the Fourth Amendment of the Constitution of the United States by falsely depriving Plaintiff of his liberty without probable cause during Defendant Durant's unconstitutional interrogation of Plaintiff.

72)      When Defendant Durant attempted to interrogate Plaintiff, he had no constitutional basis for doing so, as Plaintiff was simply waiting for his ride and had done nothing to give Defendant Durant probable cause to believe a crime had been, or was about to be, committed by Plaintiff.

12

73)    During his unconstitutional interrogation of Plaintiff, Defendant Durant aggressively threatened to call the police even though Plaintiff had done nothing wrong, stopped Plaintiff and Plaintiff's friend when they attempted to leave the area by antagonizing Plaintiff and stating, "Oh, cause you wasn't gonna do shit," and pulled a gun that he aimed directly at Plaintiff.

74)    Plaintiff feared for his life and safety, and was unable to leave during the time Defendant Durant was interrogating Plaintiff, threatening Plaintiff, and aiming a gun directly at Plaintiff.

75)    Defendant Durant's actions deprived Plaintiff of his liberty to leave the area.

76)    Plaintiff did not consent to Defendant Durant's deprivation of Plaintiff's liberty.

77)    Defendant Durant had no legal justification to deprive Plaintiff of his liberty. Defendant Durant had no probable cause to believe a crime had been, or was about to be, committed by Plaintiff, and no arrest warrant had been issued for Plaintiff.

78)    Defendant Durant's conduct constituted an utter disregard for the established and manifest Fourth Amendment rights of Plaintiff, to the point that Plaintiff was treated as if those rights did not exist, even though Defendant Durant knew, or should have known, of the existence of those rights. In the alternative, Defendant Durant's conduct constituted a knowing and intentional violation of Plaintiff's Fourth Amendment rights.

79)    As a direct and proximate result of Defendant Durant's conduct, Plaintiff suffered significant physical and emotional damages. Plaintiff has suffered from extreme and severe emotional stress and anguish resulting in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

WHEREFORE, Plaintiff respectfully requests compensatory damages in an amount to be determined at trial, but in excess of $30,000, as well as any available punitive damages, in addition to costs and attorneys' fees.

## COUNT III
### Fourth Amendment — Excessive Force

80)   Every paragraph not falling under this Count is incorporated herein by reference.

81)   The Fourth Amendment of the Constitution of the United States protects citizens against unreasonable search or seizure, including protection against excessive force. These constitutional protections are applied to the states and their political subdivisions under the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

82)   At all relevant times, Defendant Durant acted under color of State law. Defendant Durant identified himself to Plaintiff and Plaintiff's family as a Baltimore City police officer, and was acting under his authority as a Baltimore City police officer.

83)   Defendant Durant deprived Plaintiff of his rights under the Fourth Amendment of the Constitution of the United States by using excessive force against Plaintiff to further Defendant Durant's unconstitutional interrogation of Plaintiff.

84)   When Defendant Durant attempted to interrogate Plaintiff, he had no constitutional basis for doing so, as Plaintiff was simply waiting for his ride and had done nothing to give Defendant Durant probable cause to believe a crime had been, or was about to be, committed by Plaintiff.

85)   At no time relevant to this action was Plaintiff a threat to the safety of Defendant Durant, Plaintiff, or any other person.

86)   Despite the fact that Plaintiff was not a threat to any person's safety, the fact that Plaintiff had done nothing to give Defendant Durant probable cause to believe that a crime had

14

been, or was about to be, committed by Plaintiff, and the fact that Defendant Durant had no right to attempt to interrogate Plaintiff, Defendant Durant pulled and aimed a gun directly at Plaintiff.

87)    Defendant Durant acted unreasonably in his conduct towards Plaintiff, subjecting him to summary punishment and violating his due process rights. Aiming a gun at a minor waiting for his ride constitutes an excessive and unconstitutional use of force.

88)    Plaintiff feared for his life and safety, and was unable to leave during the time Defendant Durant was interrogating Plaintiff, threatening Plaintiff, and aiming a gun directly at Plaintiff.

89)    Defendant Durant's conduct constituted an utter disregard for the established and manifest Fourth Amendment rights of Plaintiff, to the point that Plaintiff was treated as if those rights did not exist, even though Defendant Durant knew, or should have known, of the existence of those rights. In the alternative, Defendant Durant's conduct constituted a knowing and intentional violation of Plaintiff's Fourth Amendment rights.

90)    As a direct and proximate result of Defendant Durant's conduct, Plaintiff suffered significant physical and emotional damages. Plaintiff has suffered from extreme and severe emotional stress and anguish resulting in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

WHEREFORE, Plaintiff respectfully requests compensatory damages in an amount to be determined at trial, but in excess of $30,000, as well as any available punitive damages, in addition to costs and attorneys' fees.

## COUNT IV
### Maryland Declaration of Rights, Articles 24 and 26 False Arrest

91)    Every paragraph not falling under this Count is incorporated herein by reference.

15

92)     Articles 24 and 26 of the Maryland Declaration of Rights protects citizens against unreasonable search or seizure, including protection against being arrested without probable cause.

93)     At all relevant times, Defendant Durant acted under color of State law. Defendant Durant identified himself to Plaintiff and Plaintiff's family as a Baltimore City police officer, and was acting under his authority as a Baltimore City police officer.

94)     Defendant Durant deprived Plaintiff of his rights under Articles 24 and 26 of the Maryland Declaration of Rights by falsely depriving Plaintiff of his liberty without probable cause during Defendant Durant's unconstitutional interrogation of Plaintiff.

95)     When Defendant Durant attempted to interrogate Plaintiff, he had no constitutional basis for doing so, as Plaintiff was simply waiting for his ride and had done nothing to give Defendant Durant probable cause to believe a crime had been, or was about to be, committed by Plaintiff.

96)     During his unconstitutional interrogation of Plaintiff, Defendant Durant aggressively threatened to call the police even though Plaintiff had done nothing wrong, stopped Plaintiff and Plaintiff's friend when they attempted to leave the area by antagonizing Plaintiff and stating, "Oh, cause you wasn't gonna do shit," and pulled a gun that he aimed directly at Plaintiff.

97)     Plaintiff feared for his life and safety, and was unable to leave during the time Defendant Durant was interrogating Plaintiff, threatening Plaintiff, and aiming a gun directly at Plaintiff.

98)     Defendant Durant's actions deprived Plaintiff of his liberty to leave the area.

99)     Plaintiff did not consent to Defendant Durant's deprivation of Plaintiff's liberty.

100)   Defendant Durant had no legal justification to deprive Plaintiff of his liberty. Defendant Durant had no probable cause to believe a crime had been, or was about to be, committed by Plaintiff, and no arrest warrant had been issued for Plaintiff.

101)   Defendant Durant was acting under color of State law, in his capacity as a Baltimore City police officer. As such, Defendant Baltimore Police, Defendant State, and Defendant Baltimore are liable for Defendant Durant's conduct.

102)   In the alternative, Defendant Durant's unconstitutional deprivation of Plaintiff's liberty on the invalid basis that he had never seen Plaintiff before constitutes gross negligence, and Defendant Durant is personally liable for his conduct.

103)   As a direct and proximate result of Defendant Durant's conduct, Plaintiff suffered significant physical and emotional damages. Plaintiff has suffered from extreme and severe emotional stress and anguish resulting in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

WHEREFORE, Plaintiff respectfully requests compensatory damages in an amount to be determined at trial, but in excess of $30,000, as well as any available punitive damages, in addition to costs and attorneys' fees.

## COUNT V
### Maryland Declaration of Rights, Articles 24 and 26 False Imprisonment

104)   Every paragraph not falling under this Count is incorporated herein by reference.

105)   Articles 24 and 26 of the Maryland Declaration of Rights protects citizens against unreasonable search or seizure, including protection against being imprisoned without probable cause.

106)   At all relevant times, Defendant Durant acted under color of State law. Defendant Durant identified himself to Plaintiff and Plaintiff's family as a Baltimore City police officer, and was acting under his authority as a Baltimore City police officer.

107)   Defendant Durant deprived Plaintiff of his rights under Articles 24 and 26 of the Maryland Declaration of Rights by falsely depriving Plaintiff of his liberty without probable cause during Defendant Durant's unconstitutional interrogation of Plaintiff.

108)   When Defendant Durant attempted to interrogate Plaintiff, he had no constitutional basis for doing so, as Plaintiff was simply waiting for his ride and had done nothing to give Defendant Durant probable cause to believe a crime had been, or was about to be, committed by Plaintiff.

109)   During his unconstitutional interrogation of Plaintiff, Defendant Durant aggressively threatened to call the police even though Plaintiff had done nothing wrong, stopped Plaintiff and Plaintiff's friend when they attempted to leave the area by antagonizing Plaintiff and stating, "Oh, cause you wasn't gonna do shit," and pulled a gun that he aimed directly at Plaintiff.

110)   Plaintiff feared for his life and safety, and was unable to leave during the time Defendant Durant was interrogating Plaintiff, threatening Plaintiff, and aiming a gun directly at Plaintiff.

111)   Defendant Durant's actions deprived Plaintiff of his liberty to leave the area.

112)   Plaintiff did not consent to Defendant Durant's deprivation of Plaintiff's liberty.

113)   Defendant Durant had no legal justification to deprive Plaintiff of his liberty. Defendant Durant had no probable cause to believe a crime had been, or was about to be, committed by Plaintiff, and no arrest warrant had been issued for Plaintiff.

114)   Defendant Durant was acting under color of State law, in his capacity as a Baltimore City police officer. As such, Defendant Baltimore Police, Defendant State, and Defendant Baltimore are liable for Defendant Durant's conduct.

115)   In the alternative, Defendant Durant's unconstitutional deprivation of Plaintiff's liberty on the invalid basis that he had never seen Plaintiff before constitutes gross negligence, and Defendant Durant is personally liable for his conduct.

116)   As a direct and proximate result of Defendant Durant's conduct, Plaintiff suffered significant physical and emotional damages. Plaintiff has suffered from extreme and severe emotional stress and anguish resulting in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

WHEREFORE, Plaintiff respectfully requests compensatory damages in an amount to be determined at trial, but in excess of $30,000, as well as any available punitive damages, in addition to costs and attorneys' fees.

## COUNT VI
### Maryland Declaration of Rights, Articles 24 and 26 Excessive Force

117)   Every paragraph not falling under this Count is incorporated herein by reference.

118)   Articles 24 and 26 of the Maryland Declaration of Rights protects citizens against unreasonable search or seizure, including protection against excessive force.

119)   At all relevant times, Defendant Durant acted under color of State law. Defendant Durant identified himself to Plaintiff and Plaintiff's family as a Baltimore City police officer, and was acting under his authority as a Baltimore City police officer.

120) Defendant Durant deprived Plaintiff of his rights under Articles 24 and 26 of the Maryland Declaration of Rights by using excessive force against Plaintiff to further Defendant Durant's unconstitutional interrogation of Plaintiff.

121) When Defendant Durant attempted to interrogate Plaintiff, he had no constitutional basis for doing so, as Plaintiff was simply waiting for his ride and had done nothing to give Defendant Durant probable cause to believe a crime had been, or was about to be, committed by Plaintiff.

122) At no time relevant to this action was Plaintiff a threat to the safety of Defendant Durant, Plaintiff, or any other person.

123) Despite the fact that Plaintiff was not a threat to any person's safety, the fact that Plaintiff had done nothing to give Defendant Durant probable cause to believe that a crime had been, or was about to be, committed by Plaintiff, and the fact that Defendant Durant had no right to attempt to interrogate Plaintiff, Defendant Durant pulled and aimed a gun directly at Plaintiff.

124) Defendant Durant acted unreasonably in his conduct towards Plaintiff, subjecting him to summary punishment and violating his due process rights. Aiming a gun at a minor waiting for his ride constitutes an excessive and unconstitutional use of force.

125) Plaintiff feared for his life and safety, and was unable to leave during the time Defendant Durant was interrogating Plaintiff, threatening Plaintiff, and aiming a gun directly at Plaintiff.

126) Defendant Durant was acting under color of State law, in his capacity as a Baltimore City police officer. As such, Defendant Baltimore Police, Defendant State, and Defendant Baltimore are liable for Defendant Durant's conduct.

127)   In the alternative, Defendant Durant's unconstitutional deprivation of Plaintiff's liberty on the invalid basis that he had never seen Plaintiff before constitutes gross negligence, and Defendant Durant is personally liable for his conduct.

128)   As a direct and proximate result of Defendant Durant's conduct, Plaintiff suffered significant physical and emotional damages. Plaintiff has suffered from extreme and severe emotional stress and anguish resulting in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

WHEREFORE, Plaintiff respectfully requests compensatory damages in an amount to be determined at trial, but in excess of $30,000, as well as any available punitive damages, in addition to costs and attorneys' fees.

## COUNT VII
### False Arrest

129)   Every paragraph not falling under this Count is incorporated herein by reference.

130)   Plaintiff has a protected property and liberty interest in his freedom, his ability to exercise free will and domain over his person, and his ability to be free from unlawful and excessive police force.

131)   Defendant Durant deprived Plaintiff of numerous protected property and liberty interests.

132)   Defendant Durant had no rational reason to believe that there was probable cause for the deprivation of Plaintiff's liberty, as Plaintiff was simply waiting for his ride and had done nothing to give Defendant Durant probable cause to believe a crime had been, or was about to be, committed by Plaintiff.

133)   During his unconstitutional interrogation of Plaintiff, Defendant Durant aggressively threatened to call the police even though Plaintiff had done nothing wrong, stopped Plaintiff and Plaintiff's friend when they attempted to leave the area by antagonizing Plaintiff and stating, "Oh, cause you wasn't gonna do shit," and pulled a gun that he aimed directly at Plaintiff.

134)   Plaintiff feared for his life and safety, and was unable to leave during the time Defendant Durant was interrogating Plaintiff, threatening Plaintiff, and aiming a gun directly at Plaintiff.

135)   Defendant Durant's actions deprived Plaintiff of his liberty to leave the area.

136)   Plaintiff did not consent to Defendant Durant's deprivation of Plaintiff's liberty.

137)   Defendant Durant had no legal justification to deprive Plaintiff of his liberty. Defendant Durant had no probable cause to believe a crime had been, or was about to be, committed by Plaintiff, and no arrest warrant had been issued for Plaintiff.

138)   Defendant Durant's deprivation of Plaintiff's liberty was made without probable cause or warrant, demonstrating ill will, improper motivation, or evil motive.

139)   As a direct and proximate result of Defendant Durant's conduct, Plaintiff suffered significant physical and emotional damages. Plaintiff has suffered from extreme and severe emotional stress and anguish resulting in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

WHEREFORE, Plaintiff respectfully requests compensatory damages in an amount to be determined at trial, but in excess of $30,000, as well as any available punitive damages, in addition to costs and attorneys' fees.

## COUNT VIII
**False Imprisonment**

140) Every paragraph not falling under this Count is incorporated herein by reference.

141) Plaintiff has a protected property and liberty interest in his freedom, his ability to exercise free will and domain over his person, and his ability to be free from unlawful and excessive police force.

142) Defendant Durant deprived Plaintiff of numerous protected property and liberty interests.

143) Defendant Durant had no rational reason to believe that there was probable cause for the deprivation of Plaintiff's liberty, as Plaintiff was simply waiting for his ride and had done nothing to give Defendant Durant probable cause to believe a crime had been, or was about to be, committed by Plaintiff.

144) During his unconstitutional interrogation of Plaintiff, Defendant Durant aggressively threatened to call the police even though Plaintiff had done nothing wrong, stopped Plaintiff and Plaintiff's friend when they attempted to leave the area by antagonizing Plaintiff and stating, "Oh, cause you wasn't gonna do shit," and pulled a gun that he aimed directly at Plaintiff.

145) Plaintiff feared for his life and safety, and was unable to leave during the time Defendant Durant was interrogating Plaintiff, threatening Plaintiff, and aiming a gun directly at Plaintiff.

146) Defendant Durant's actions deprived Plaintiff of his liberty to leave the area.

147) Plaintiff did not consent to Defendant Durant's deprivation of Plaintiff's liberty.

148) Defendant Durant had no legal justification to deprive Plaintiff of his liberty. Defendant Durant had no probable cause to believe a crime had been, or was about to be, committed by Plaintiff, and no arrest warrant had been issued for Plaintiff.

23

149) Defendant Durant's deprivation of Plaintiff's liberty was made without probable cause or warrant, demonstrating ill will, improper motivation, or evil motive.

150) As a direct and proximate result of Defendant Durant's conduct, Plaintiff suffered significant physical and emotional damages. Plaintiff has suffered from extreme and severe emotional stress and anguish resulting in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

WHEREFORE, Plaintiff respectfully requests compensatory damages in an amount to be determined at trial, but in excess of $30,000, as well as any available punitive damages, in addition to costs and attorneys' fees.

## COUNT IX
### Intentional Infliction of Emotional Distress

151) Every paragraph not falling under this Count is incorporated herein by reference.

152) Plaintiff has a protected property and liberty interest in his freedom, his ability to exercise free will and domain over his person, and his ability to be free from unlawful and excessive police force.

153) Defendant Durant deprived Plaintiff of numerous protected property and liberty interests by falsely depriving Plaintiff of his liberty, and using excessive force against Plaintiff by aiming a gun at Plaintiff, which placed Plaintiff in fear for his life.

154) Defendant Durant aggressively threatened to call the police even though Plaintiff had done nothing wrong, stopped Plaintiff and Plaintiff's friend when they attempted to leave the area by antagonizing Plaintiff and stating, "Oh, cause you wasn't gonna do shit," and pulled a gun that he aimed directly at Plaintiff.

155)   Defendant Durant's violations of Plaintiff's constitutional rights were intentional and/or reckless, as Defendant Durant kept Plaintiff from leaving the area and aimed a gun at Plaintiff, a minor child, despite having no probable cause to stop or interrogate Plaintiff. Defendant Durant knew, or should have known, that his actions were violations of Plaintiff's constitutional rights, as Defendant Durant's sole justification for stopping Plaintiff and aiming a gun at Plaintiff was that Defendant Durant had never seen Plaintiff in the neighborhood before.

156)   Defendant Durant's intentional and/or reckless violations of Plaintiff's constitutional rights was extreme and outrageous, as Defendant Durant aimed a gun directly at a minor child for the sole offense of being in an area where Defendant Durant had never seen Plaintiff before.

157)   As a direct and proximate result of Defendant Durant's conduct, Plaintiff has suffered severe emotional distress which has resulted in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

WHEREFORE, Plaintiff respectfully requests compensatory damages in an amount to be determined at trial, but in excess of $30,000, as well as any available punitive damages, in addition to costs and attorneys' fees.

## COUNT X
### Gross Negligence

158)   Every paragraph not falling under this Count is incorporated herein by reference.

159)   When Defendant Durant stopped, interrogated, and brandished a weapon at Plaintiff, he had no constitutional or legally valid basis for doing so. Defendant Durant's claim

that he had never seen Plaintiff before did not give Defendant Durant the authority to stop, interrogate, and use force against Plaintiff.

160)   When Defendant Durant stopped, interrogated, and brandished a weapon at Plaintiff, he violated Plaintiff's rights under the Fourth Amendment of the United States Constitution and Articles 24 and 26 of the Maryland Declaration of Rights.

161)   Defendant Durant had a manifest duty to abide by the constitutional limits of policing.

162)   Defendant Durant violated the duty to abide by the constitutional limits of policing by violating Plaintiff's rights under the Fourth Amendment of the United States Constitution and Articles 24 and 26 of the Maryland Declaration of Rights.

163)   Defendant Durant could not reasonably believe that he was within his constitutional limits to seize and use force against a minor child on the sole basis that he had never seen this minor before.  Accordingly, Defendant Durant's seizure of and use of force against Plaintiff constituted an act so utterly indifferent to the rights of Plaintiff that Defendant Durant acted as if those constitutional rights did not exist.

164)   In the alternative, Defendant Durant's brandishing a firearm at Plaintiff, a minor child, on the sole basis that he had never seen Plaintiff before constituted an intentional failure to perform a manifest duty and abide by the constitutional limits of policing in reckless disregard of the consequences as affecting the life of another, and evinced a thoughtless disregard of the consequences to Plaintiff's life without the exertion of any effort to avoid those consequences, putting Plaintiff in danger.

165)   As a direct and proximate result of Defendant State, Defendant Baltimore Police, and Defendant Baltimore's breaches of duty, Plaintiff has suffered damage, being subjected to

unconstitutional excessive force and having his search and seizure rights violated by Defendant Durant, as well as being made to fear for his life every day he went to school. Plaintiff has suffered from extreme and severe emotional stress and anguish resulting in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

WHEREFORE, Plaintiff respectfully requests compensatory damages in an amount to be determined at trial, but in excess of $30,000, as well as any available punitive damages, in addition to costs and attorneys' fees.

## COUNT XI – AGAINST DEFENDANT STATE, DEFENDANT BALTIMORE AND DEFENDANT BALTIMORE POLICE
### Negligent Training, Supervision, and Retention

166)    Every paragraph not falling under this Count is incorporated herein by reference.

167)    Defendant State, Defendant Baltimore Police, and Defendant Baltimore had a duty to ensure Baltimore Police Department officers were trained to conduct their law enforcement activities within constitutional bounds, ensure officers knew how to treat and process citizen complaints of police misconduct, ensure Internal Affairs investigators were trained to understand statutes of limitation and the relevant time-frame in which investigations must be conducted and disciplinary charges filed, and a duty to discipline and/or fire officers who failed to conduct their law enforcement activities in a constitutional manner.

168)    Defendant State, Defendant Baltimore Police, and Defendant Baltimore breached their duty to train Defendant Durant in the state and federal constitutional limits of his police authority, which led Defendant Durant to believe he could pull his firearm on a minor on the basis that he had not seen him before, which is not a constitutional basis for search, seizure, or force.

169) Defendant State, Defendant Baltimore Police, and Defendant Baltimore breached their duty to train internal investigators to ensure their investigations were concluded in time to file any necessary disciplinary charges within the applicable statute of limitations, resulting in disciplinary charges filed against Defendant Durant being dismissed, and Defendant Durant facing no discipline as a result of his violation of Plaintiff's rights and person.

170) Defendant State, Defendant Baltimore Police, and Defendant Baltimore breached their duty to discipline officers who violate the constitutional rights of citizens when they failed to discipline Defendant Durant after he broke a citizen's jaw during a call for service, and when their failure to adequately train internal investigatory staff allowed Defendant Durant to evade discipline for his violence against Plaintiff and violation of Plaintiff's rights.

171) As a direct and proximate result of Defendant State, Defendant Baltimore Police, and Defendant Baltimore's breaches of duty, Plaintiff has suffered damage, being subjected to unconstitutional excessive force and having his search and seizure rights violated by Defendant Durant, as well as being made to fear for his life every day he went to school. Plaintiff has suffered from extreme and severe emotional stress and anguish resulting in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

WHEREFORE, Plaintiff respectfully requests compensatory damages in an amount to be determined at trial, but in excess of $30,000, as well as any available punitive damages, in addition to costs and attorneys' fees.

## JURY DEMAND

Plaintiff requests a trial by jury for all claims so triable.

Respectfully submitted,

HANSEL LAW, PC

Cary J. Hansel (CPF No. 9912150020)
cary@hansellaw.com
2514 North Charles Street
Baltimore, MD 21218
T: 301-461-1040
F: 443-451-8606
*Counsel for Plaintiff*

## IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

**JAWONE D. NICHOLSON**
9105 Helaine Hamlet Way
Columbia, MD 21045

       *Plaintiff,*

   v.

**STATE OF MARYLAND**
   Serve:  Nancy K. Kopp
           State of Maryland
           Treasurer's Office
           80 Calvert St.
           Goldstein Treasury Bldg.
           Annapolis, MD 21401

**MAYOR AND CITY COUNCIL OF
THE CITY OF BALTIMORE**
100 North Holliday Street
Baltimore, Maryland 21202

and,

**BALTIMORE POLICE DEPARTMENT**
601 East Fayette Street
Baltimore, MD 21202

and,

**DAMOND DURANT**
601 East Fayette Street
Baltimore, MD 21202

       *Defendants.*

Case No.: _____

## LINE REGARDING SUMMONS

Dear Sir/Madam Clerk:

    Kindly accept the attached Complaint for filing, issue summonses thereon, and return to

undersigned counsel for service by private process.

Respectfully submitted,

HANSEL LAW, P.C.

Cary J. Hansel (CPF No. 9912150020)
2514 North Charles Street
Baltimore, MD 21218
Tel: (301) 461-1040
Fax: (443) 451-8606
cary@hansellaw.com
*Counsel for Plaintiff*

IN THE CIRCUIT COURT FOR Baltimore City
_____
                                    (City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

### *THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING*

FORM FILED BY: ☒PLAINTIFF  ☐DEFENDANT  CASE NUMBER _____
                                                              (Clerk to insert)

CASE NAME: Jawone Nicholson          vs.  State of Maryland, et al.
             Plaintiff                         Defendant

PARTY'S NAME: Jawone Nicholson                    PHONE: _____

PARTY'S ADDRESS: 9105 Helaine Hamlet Way, Columbia, MD 21045

PARTY'S E-MAIL: _____

If represented by an attorney:
PARTY'S ATTORNEY'S NAME: Cary Hansel         PHONE: 301-461-1040

PARTY'S ATTORNEY'S ADDRESS: 2514 North Charles Street, Baltimore, MD 21218

PARTY'S ATTORNEY'S E-MAIL: cary@hansellaw.com

JURY DEMAND? ☒Yes ☐No

RELATED CASE PENDING? ☐Yes ☒No  If yes, Case #(s), if known: _____

ANTICIPATED LENGTH OF TRIAL?: _____ hours   5  days

### PLEADING TYPE

New Case: ☒Original  ☐Administrative Appeal  ☐Appeal
Existing Case: ☐Post-Judgment  ☐Amendment

*If filing in an existing case*, skip Case Category/ Subcategory section - go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint - DOB of Youngest Plt: _____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☐ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ **Government**
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☒ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Workers' Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. - Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Liability | ☐ Specific Performance |
| ☐ Arbitration | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Asset Determination | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Attachment b/f Judgment | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Cease & Desist Order | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Condemn Bldg | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Contempt | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☒ Court Costs/Fees | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☒ Damages-Compensatory | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |
| ☒ Damages-Punitive | ☐ Judgment-Default | ☐ Reinstatement of Employment | |

*If you indicated* **Liability** *above,* mark one of the following. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐Liability is conceded.   ☐Liability is not conceded, but is not seriously in dispute.   ☐Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) |
|---|

☐ Under $10,000     ☐ $10,000 - $30,000     ☐ $30,000 - $100,000     ☒ Over $100,000

☐ Medical Bills $_____     ☐ Wage Loss $_____     ☐Property Damages $_____

| ALTERNATIVE DISPUTE RESOLUTION INFORMATION |
|---|

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

| A. Mediation | ☐Yes ☒No | C. Settlement Conference | ☐Yes ☒No |
|---|---|---|---|
| B. Arbitration | ☐Yes ☒No | D. Neutral Evaluation | ☐Yes ☒No |

| SPECIAL REQUIREMENTS |
|---|

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

| ESTIMATED LENGTH OF TRIAL |
|---|

*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.* **(Case will be tracked accordingly)**

☐ 1/2 day of trial or less       ☐ 3 days of trial time

☐ 1 day of trial time       ☐ More than 3 days of trial time

☐ 2 days of trial time

| BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM |
|---|

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited** - Trial within 7 months of       ☐ **Standard** - Trial within 18 months of
Defendant's response                Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response      ☐ **Standard** - Trial within 18 months of Defendant's response

### IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☒ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff................................. . |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

| September 23, 2020 | /s/ Cary Hansel |
|---|---|
| Date | Signature of Counsel / Party |
| 2514 North Charles Street | Cary Hansel |
| Address | Printed Name |

| Baltimore | MD | 21218 |
|---|---|---|
| City | State | Zip Code |