**IN THE ~~CIRCUIT COURT~~UNITED STATES DISTRICT COURT FOR ~~BALTIMORE CITY,~~THE DISTRICT OF MARYLAND**

**JAWONE D. NICHOLSON**
9105 Helaine Hamlet Way
Columbia, MD 21045

*Plaintiff,*

v.

**STATE OF MARYLAND**
Serve: Nancy K. Kopp
State of Maryland
Treasurer's Office
80 Calvert St.
Goldstein Treasury Bldg.
Annapolis, MD 21401

**MAYOR AND CITY COUNCIL OF THE CITY OF BALTIMORE**
100 North Holliday Street
Baltimore, Maryland 21202

and,

**BALTIMORE POLICE DEPARTMENT**
601 East Fayette Street
Baltimore, MD 21202

and,

**DAMOND DURANT**
601 East Fayette Street
Baltimore, MD 21202

*Defendants.*

***Jury Trial Demanded***

Case No.: 1:20-cv-03146-DKC

**AMENDED COMPLAINT AND JURY DEMAND**

Comes now the Plaintiff, by and through undersigned counsel, and sues the above-named Defendants, stating as follows:

## INTRODUCTION

1) On or about November 10, 2017, Plaintiff Jawone Nicholson ("**Plaintiff**"), then only 16-years-old, was waiting with a schoolmate for their after-school program pick-up van at a cul-de-sac situated behind his home.

2) While waiting for his van, Defendant Damond Durant ("**Defendant Durant**") approached Plaintiff, claiming to live in the area and demanding to know who Plaintiff was.

3) Plaintiff explained that he lived in the area and was waiting for his ride. This did not satisfy Defendant Durant, who continued to intimidatingly question the then-minor Plaintiff.

4) Plaintiff attempted to walk away and call his grandmother, but Defendant Durant pulled a firearm and trained it on the 16-year-old.

5) Luckily, by then, Plaintiff's grandmother was on the phone, and Plaintiff explained a man was holding him at gunpoint behind their house.

6) Plaintiff's grandmother, mother, and older sister came outside to help Plaintiff and confront his assailant, who only then revealed that he was a Baltimore Police Officer.

7) Plaintiff had done nothing to give rise to any reasonable suspicion or probable cause that he was or had been engaging in any crime, and was only waiting for his after-school pick-up van when Defendant Durant violated his rights against excessive force and unreasonable seizure.

## JURISDICTION AND VENUE

8) This Court has jurisdiction pursuant to ~~Md. Code, Cts. & Jud. Proc.,~~28 U.S.C. § ~~6-102~~1331, as this is a civil action arising under the Constitution, laws, or treaties of the United States~~Defendants are domiciled in the State of Maryland and/or are organized under the laws of Maryland and have their principal place of business in the State~~.

9) Venue is proper in this forum pursuant to ~~Md. Code, Cts. & Jud. Proc.,~~28 U.S.C. § ~~6-201(a)~~1391 as the named Defendants carry on their principal place of business in Baltimore City, Maryland.

10) Plaintiff, by way of his mother as he was still a minor at the time, provided notice of his claim on October 31, 2018, via certified mail, return receipt requested, within one year of the date of the incident which is the subject of this lawsuit, as required by Md. Code, Cts. & Jud. Proc., § 5-304(b) and (c). All conditions precedent for the filing of this suit have been satisfied.

**PARTIES**

11) Jawone D. Nicholson ("**Plaintiff**") is an adult resident of Howard County, Maryland.

12) Defendant Baltimore Police Department ("**Defendant Baltimore Police**") is an agency of Defendant State of Maryland, and named as a "local government" for purposes of this lawsuit, pursuant to Md. Code, Cts. & Jud. Proc., § 5-301(d)(21).

13) Defendant Damond Durant ("**Defendant Durant**") is an adult resident of Howard County, Maryland, whose principal place of business is Baltimore City, Maryland. At all time relevant to the occurrence complained of herein, Defendant Durant was acting under color of law and within the scope of his employment with Defendant Baltimore Police, an agency of Defendant State of Maryland.

14) Defendant Mayor and City Council of the City of Baltimore ("**Defendant Baltimore**") is a body politic and corporate body that may sue and be sued and has waived any applicable sovereign immunity in accordance with the Local Government Tort Claims Act under Md. Code, Cts. & Jud. Proc. § 5-301, *et seq*.

15~~4~~) Defendant State of Maryland ("**Defendant State**") is a body politic and corporate body that may sue and be sued and has waived any applicable sovereign immunity in accordance with the Maryland State Tort Claims Act under Md. Code, State Gov. § 12-104. Defendant State was responsible for the hiring, training, supervision of Defendant Durant, and all employees and/or agents of Defendant Baltimore Police.

**FACTS COMMON TO ALL COUNTS**

16~~5~~) On or about November 10, 2017, at approximately 3:45 pm, Plaintiff, who was then just 16 years old, was waiting for a ride from his after-school program pick-up van at a cul-de-sac situated just behind Plaintiff's home.

17~~6~~) Plaintiff's schoolmate, Brian Hatcher, was also waiting with Plaintiff for the after-school pick-up van.

18~~7~~) Defendant Durant saw Plaintiff waiting for the after-school pick-up van and took issue to the presence of a young Black male in the neighborhood. Defendant Durant approached Plaintiff, without cause or provocation, and demanded to know who Plaintiff was and why Plaintiff was there.

19~~8~~) Defendant Durant aggressively questioned Plaintiff, claiming that he had never seen Plaintiff around the neighborhood before.

20~~19~~) Seeing someone for the first time is not grounds for probable cause or reasonable suspicion.

21~~0~~) Plaintiff explained to Defendant Durant that he also lived in the neighborhood, and that Plaintiff had never seen Defendant Durant either. Plaintiff further explained that he did not have to answer Defendant Durant's questions, but informed Defendant Durant that Plaintiff and his friend were waiting for their after-school pick-up van.

22~~1~~) Defendant Durant continued to question Plaintiff in an intimidating manner, threatening to call the police even though Plaintiff had done nothing wrong and was not required to answer Defendant Durant's questions.

23~~2~~) At this point, Plaintiff felt unsafe and feared for his physical safety.

24~~3~~) Plaintiff again told Defendant Durant he was waiting for his after-school pick-up van and that he and his friend were not doing anything wrong, so Defendant Durant was free to call the police if he wished.

25~~4~~) As Plaintiff and his friend were speaking to Defendant Durant, Defendant Durant was concealing his hands in his coat pocket.

26~~5~~) Fearing for their safety, Plaintiff and his friend began to walk away from Defendant Durant, and Plaintiff began to call his grandmother from his cellphone.

27~~6~~) As Plaintiff and his friend walked away, Defendant Durant antagonized Plaintiff, stating, "Oh, cause you wasn't gonna do shit."

28~~7~~) Still concerned for their safety, Plaintiff and his friend turned around and faced Durant to make sure they could see him as Plaintiff continued to attempt to reach his grandmother.

29~~8~~) Defendant Durant then revealed a firearm he had been concealing in his coat pocket and aimed it at the 16-year-old Plaintiff.

30~~29~~) Plaintiff feared for his life and safety, believing he was being robbed.

31~~0~~) By then, Plaintiff's grandmother was on the phone, and Plaintiff explained to her that a man was pulling a gun on him behind their house.

32~~1~~) Plaintiff's sister, mother and grandmother went outside and saw Defendant Durant confronting Plaintiff, and went down to attempt to protect Plaintiff. As they approached, Defendant Durant attempted to conceal his firearm, but kept his hands in his pocket.

33~~2~~) Defendant Durant then approached Plaintiff and Plaintiff's family members.

34~~3~~) Plaintiff's mother, Erica Hamlett ("**Ms. Hamlett**"), asked Defendant Durant why he had pulled a gun on her son.

35~~4~~) Defendant Durant menacingly approached Ms. Hamlett, Plaintiff, Plaintiff's sister, and Plaintiff's grandmother, keeping his hands in his coat pocket.

36~~5~~) Plaintiff's sister, Keymina Johnson, asked Defendant Durant to remove his hands from his pockets since he was carrying a firearm.

37~~6~~) Ms. Hamlett then called the police. Defendant Durant also called the police.

38~~7~~) Defendant Durant claimed he did not have to show his hands because he was "Baltimore City."

39~~8~~) Ms. Hamlett asked Defendant Durant what that meant, and Defendant Durant removed a badge from his coat pocket and stated he was a Baltimore City police officer.

40~~39~~) Defendant Durant's statement that during this interaction he was operating as a Baltimore City police officer demonstrates that Defendant Durant understood himself to be acting under color of law and in his capacity as a police officer during this incident, and that he was relying on his authority as a police officer to justify his actions, despite their unconstitutional character.

41~~0~~) At no point previously had Defendant Durant identified himself as a police officer. Rather than present his badge, clearly in his possession and in his coat pocket, when he had the opportunity, Defendant Durant instead aimed a firearm at Plaintiff, making Plaintiff fear for his life and his friend's life.

42~~1~~) Every school day after the incident for the next approximately four months, Plaintiff had to walk past the cul-de-sac where Defendant Durant confronted him in order to arrive at school,

forcing him to relive the life-threatening encounter and live in constant fear for his safety. Plaintiff was constantly afraid of seeing Defendant Durant again.

43~~2~~) The area where the incident took place is located in view of Plaintiff's bedroom window, forcing him to constantly relive the incident.

44~~3~~) Defendant Durant was in possession of a firearm because he was employed and operating as a Baltimore police officer, but should not have been in possession of a firearm in the first place, since he was known by his employer, Defendant Baltimore Police, to have violated other citizens' constitutional rights in the past.

45~~4~~) Defendant Durant was allowed to remain in possession of his firearm by Defendant Baltimore Police, despite the fact they were on notice of Defendant Durant's proclivities towards violence and violating citizens' constitutional rights when Defendant Durant and the City of Baltimore were sued because Defendant Durant assaulted a citizen and broke his jaw while responding to a call for service, which, on information and belief, led to a settlement.

46~~5~~) On or about November 11, 2017, a Saturday, Ms. Hamlett went to Defendant Baltimore Police's headquarters in Baltimore, to attempt to file a complaint with internal affairs.

47~~6~~) When she arrived and explained the purpose of her visit, officers employed with Defendant Baltimore Police laughed at her request, and stated, "We heard about this. At least your son didn't die." The officers then told Ms. Hamlett she could come back on Monday because there were no internal investigators available on a Saturday.

48~~7~~) Shaken by the behavior of the officers, Ms. Hamlett instead filed for a peace order against Defendant Durant, and filed a complaint with the Baltimore City Civilian Review Board on or about December 7, 2017.

498) Ms. Hamlett's complaint to the Civilian Review Board led to an internal investigation by Defendant Baltimore Police of Defendant Durant, but the investigation was done in such a negligent—and/or grossly negligent, and/or intentional, and/or malicious—manner that the police filed disciplinary charges after the statute of limitations for doing so had expired, allowing Defendant Durant to continue to serve as a sworn law enforcement officer without facing any repercussions or additional training to ensure Defendant Durant did not violate citizens' rights in the future.

5049) Defendant Baltimore Police, Defendant State, and Defendant Baltimore each had a duty to ensure Defendant Baltimore Police's officers were trained to conduct their law enforcement activities within constitutional bounds, a duty to ensure Defendant Baltimore Police's Internal Affairs investigators were trained to understand statutes of limitation and the relevant time-frame in which investigations must be conducted and disciplinary charges filed, and a duty to discipline and/or fire officers who failed to conduct their law enforcement activities in a constitutional manner.

510) Defendant Baltimore Police, Defendant State, and Defendant Baltimore breached their duty to train Defendant Durant in the state and federal constitutional limits of his police authority, which led Defendant Durant to believe he could pull his firearm on a minor on the sole basis that Defendant Durant had not seen the minor before. Such a breach constitutes negligence, and/or gross negligence, and/or an intentional violation of Plaintiffs' rights and person, and/or a malicious violation of Plaintiffs' rights and person.

521) Defendant Baltimore Police, Defendant State, and Defendant Baltimore breached their duty to train Defendant Baltimore Police's internal investigators to ensure their investigations were concluded in time to file any necessary disciplinary charges within the applicable statute of

limitations, resulting in disciplinary charges filed against Defendant Durant being dismissed, and Defendant Durant facing no discipline as a result of his violation of Plaintiff's rights and person. This breach constitutes negligence, and/or gross negligence, and/or an intentional violation of Plaintiffs' rights and person, and/or a malicious violation of Plaintiffs' rights and person.

53~~2~~) Defendant Baltimore Police, Defendant State, and Defendant Baltimore breached their duty to discipline officers who violate the constitutional rights of citizens when Defendant Baltimore Police, Defendant State, and Defendant Baltimore each failed to discipline Defendant Durant after he broke a citizen's jaw during a call for service, and when Defendant Baltimore Police, Defendant State, and Defendant Baltimore's failure to adequately train Defendant Baltimore Police's internal investigatory staff allowed Defendant Durant to evade discipline for his violence against Plaintiff and violation of Plaintiff's rights. This breach constitutes negligence, and/or gross negligence, and/or an intentional violation of Plaintiffs' rights and person, and/or a malicious violation of Plaintiffs' rights and person.

54~~3~~) As a direct and proximate result of Defendant Baltimore Police, Defendant State, and Defendant Baltimore's negligence, and/or gross negligence, and/or intentional conduct, and/or malicious conduct, Plaintiff suffered physical and emotional damages, being subjected to unconstitutionally excessive force and having his search and seizure rights violated by Defendant Baltimore Police's employee and/or agent, Defendant Durant, as well as being made to fear for his life every day he went to school. Plaintiff has suffered from extreme and severe emotional stress and anguish resulting in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

554) As a direct and proximate result of Defendant Durant's negligent, and/or grossly negligent, and/or intentional, and/or malicious conduct, Plaintiff suffered physical and emotional damages, being subjected to unconstitutionally excessive force and having his search and seizure rights violated by Defendant Durant, as well as being made to fear for his life every day he went to school. Plaintiff has suffered from extreme and severe emotional stress and anguish resulting in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

565) All the allegations herein, however worded, are pleaded alternatively as acts of negligence, gross negligence, intent, and/or malice, as determined at trial by the jury in this matter.

**COUNT I — AGAINST ALL DEFENDANTS**
**Fourth Amendment — False Arrest**

576) Every paragraph not falling under this Count is incorporated herein by reference.

587) The Fourth Amendment of the Constitution of the United States protects citizens against unreasonable search or seizure, including protection against being arrested without probable cause. These constitutional protections are applied to the states and their political subdivisions under the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

598) At all relevant times, Defendant Durant acted under color of State law. Defendant Durant identified himself to Plaintiff and Plaintiff's family as a Baltimore City police officer, and was acting under his authority as a Baltimore City police officer.

6059) Defendant Durant deprived Plaintiff of his rights under the Fourth Amendment of the Constitution of the United States by falsely depriving Plaintiff of his liberty without probable cause during Defendant Durant's unconstitutional interrogation of Plaintiff.

61~~0~~) When Defendant Durant attempted to interrogate Plaintiff, he had no constitutional basis for doing so, as Plaintiff was simply waiting for his ride and had done nothing to give Defendant Durant probable cause to believe a crime had been, or was about to be, committed by Plaintiff.

62~~1~~) During his unconstitutional interrogation of Plaintiff, Defendant Durant aggressively threatened to call the police even though Plaintiff had done nothing wrong, stopped Plaintiff and Plaintiff's friend when they attempted to leave the area by antagonizing Plaintiff and stating, "Oh, cause you wasn't gonna do shit," and pulled a gun that he aimed directly at Plaintiff.

63~~2~~) Plaintiff feared for his life and safety, and was unable to leave during the time Defendant Durant was interrogating Plaintiff, threatening Plaintiff, and aiming a gun directly at Plaintiff.

64~~3~~) Defendant Durant's actions deprived Plaintiff of his liberty to leave the area.

65~~4~~) Plaintiff did not consent to Defendant Durant's deprivation of Plaintiff's liberty.

66~~5~~) Defendant Durant had no legal justification to deprive Plaintiff of his liberty. Defendant Durant had no probable cause to believe a crime had been, or was about to be, committed by Plaintiff, and no arrest warrant had been issued for Plaintiff.

67~~6~~) Defendant Durant's conduct constituted an utter disregard for the established and manifest Fourth Amendment rights of Plaintiff, to the point that Plaintiff was treated as if those rights did not exist, even though Defendant Durant knew, or should have known, of the existence of those rights. In the alternative, Defendant Durant's conduct constituted a knowing and intentional violation of Plaintiff's Fourth Amendment rights.

68~~7~~) As a direct and proximate result of Defendant Durant's conduct, Plaintiff suffered significant physical and emotional damages. Plaintiff has suffered from extreme and severe

emotional stress and anguish resulting in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

WHEREFORE, Plaintiff respectfully requests compensatory damages in an amount to be determined at trial, but in excess of $7530,000, as well as any available punitive damages, in addition to costs and attorneys' fees.

**COUNT II — AGAINST ALL DEFENDANTS**
**Fourth Amendment — False Imprisonment**

698) Every paragraph not falling under this Count is incorporated herein by reference.

7069) The Fourth Amendment of the Constitution of the United States protects citizens against unreasonable search or seizure, including protection against being imprisoned without probable cause. These constitutional protections are applied to the states and their political subdivisions under the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

710) At all relevant times, Defendant Durant acted under color of State law. Defendant Durant identified himself to Plaintiff and Plaintiff's family as a Baltimore City police officer, and was acting under his authority as a Baltimore City police officer.

721) Defendant Durant deprived Plaintiff of his rights under the Fourth Amendment of the Constitution of the United States by falsely depriving Plaintiff of his liberty without probable cause during Defendant Durant's unconstitutional interrogation of Plaintiff.

732) When Defendant Durant attempted to interrogate Plaintiff, he had no constitutional basis for doing so, as Plaintiff was simply waiting for his ride and had done nothing to give Defendant Durant probable cause to believe a crime had been, or was about to be, committed by Plaintiff.

74~~3~~) During his unconstitutional interrogation of Plaintiff, Defendant Durant aggressively threatened to call the police even though Plaintiff had done nothing wrong, stopped Plaintiff and Plaintiff's friend when they attempted to leave the area by antagonizing Plaintiff and stating, "Oh, cause you wasn't gonna do shit," and pulled a gun that he aimed directly at Plaintiff.

75~~4~~) Plaintiff feared for his life and safety, and was unable to leave during the time Defendant Durant was interrogating Plaintiff, threatening Plaintiff, and aiming a gun directly at Plaintiff.

76~~5~~) Defendant Durant's actions deprived Plaintiff of his liberty to leave the area.

77~~6~~) Plaintiff did not consent to Defendant Durant's deprivation of Plaintiff's liberty.

78~~7~~) Defendant Durant had no legal justification to deprive Plaintiff of his liberty. Defendant Durant had no probable cause to believe a crime had been, or was about to be, committed by Plaintiff, and no arrest warrant had been issued for Plaintiff.

79~~8~~) Defendant Durant's conduct constituted an utter disregard for the established and manifest Fourth Amendment rights of Plaintiff, to the point that Plaintiff was treated as if those rights did not exist, even though Defendant Durant knew, or should have known, of the existence of those rights. In the alternative, Defendant Durant's conduct constituted a knowing and intentional violation of Plaintiff's Fourth Amendment rights.

80~~79~~) As a direct and proximate result of Defendant Durant's conduct, Plaintiff suffered significant physical and emotional damages. Plaintiff has suffered from extreme and severe emotional stress and anguish resulting in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

WHEREFORE, Plaintiff respectfully requests compensatory damages in an amount to be determined at trial, but in excess of $75~~30~~,000, as well as any available punitive damages, in addition to costs and attorneys' fees.

**COUNT III — AGAINST ALL DEFENDANTS**
**Fourth Amendment — Excessive Force**

81~~0~~) Every paragraph not falling under this Count is incorporated herein by reference.

82~~1~~) The Fourth Amendment of the Constitution of the United States protects citizens against unreasonable search or seizure, including protection against excessive force. These constitutional protections are applied to the states and their political subdivisions under the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

83~~2~~) At all relevant times, Defendant Durant acted under color of State law. Defendant Durant identified himself to Plaintiff and Plaintiff's family as a Baltimore City police officer, and was acting under his authority as a Baltimore City police officer.

84~~3~~) Defendant Durant deprived Plaintiff of his rights under the Fourth Amendment of the Constitution of the United States by using excessive force against Plaintiff to further Defendant Durant's unconstitutional interrogation of Plaintiff.

85~~4~~) When Defendant Durant attempted to interrogate Plaintiff, he had no constitutional basis for doing so, as Plaintiff was simply waiting for his ride and had done nothing to give Defendant Durant probable cause to believe a crime had been, or was about to be, committed by Plaintiff.

86~~5~~) At no time relevant to this action was Plaintiff a threat to the safety of Defendant Durant, Plaintiff, or any other person.

87~~6~~) Despite the fact that Plaintiff was not a threat to any person's safety, the fact that Plaintiff had done nothing to give Defendant Durant probable cause to believe that a crime had

been, or was about to be, committed by Plaintiff, and the fact that Defendant Durant had no right to attempt to interrogate Plaintiff, Defendant Durant pulled and aimed a gun directly at Plaintiff.

88~~7~~) Defendant Durant acted unreasonably in his conduct towards Plaintiff, subjecting him to summary punishment and violating his due process rights. Aiming a gun at a minor waiting for his ride constitutes an excessive and unconstitutional use of force.

89~~8~~) Plaintiff feared for his life and safety, and was unable to leave during the time Defendant Durant was interrogating Plaintiff, threatening Plaintiff, and aiming a gun directly at Plaintiff.

90~~89~~) Defendant Durant's conduct constituted an utter disregard for the established and manifest Fourth Amendment rights of Plaintiff, to the point that Plaintiff was treated as if those rights did not exist, even though Defendant Durant knew, or should have known, of the existence of those rights. In the alternative, Defendant Durant's conduct constituted a knowing and intentional violation of Plaintiff's Fourth Amendment rights.

91~~0~~) As a direct and proximate result of Defendant Durant's conduct, Plaintiff suffered significant physical and emotional damages. Plaintiff has suffered from extreme and severe emotional stress and anguish resulting in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

WHEREFORE, Plaintiff respectfully requests compensatory damages in an amount to be determined at trial, but in excess of $75~~30~~,000, as well as any available punitive damages, in addition to costs and attorneys' fees.

**COUNT IV — AGAINST ALL DEFENDANTS**
**Maryland Declaration of Rights, Articles 24 and 26 — False Arrest**

92~~1~~) Every paragraph not falling under this Count is incorporated herein by reference.

932) Articles 24 and 26 of the Maryland Declaration of Rights protects citizens against unreasonable search or seizure, including protection against being arrested without probable cause.

943) At all relevant times, Defendant Durant acted under color of State law. Defendant Durant identified himself to Plaintiff and Plaintiff's family as a Baltimore City police officer, and was acting under his authority as a Baltimore City police officer.

954) Defendant Durant deprived Plaintiff of his rights under Articles 24 and 26 of the Maryland Declaration of Rights by falsely depriving Plaintiff of his liberty without probable cause during Defendant Durant's unconstitutional interrogation of Plaintiff.

965) When Defendant Durant attempted to interrogate Plaintiff, he had no constitutional basis for doing so, as Plaintiff was simply waiting for his ride and had done nothing to give Defendant Durant probable cause to believe a crime had been, or was about to be, committed by Plaintiff.

976) During his unconstitutional interrogation of Plaintiff, Defendant Durant aggressively threatened to call the police even though Plaintiff had done nothing wrong, stopped Plaintiff and Plaintiff's friend when they attempted to leave the area by antagonizing Plaintiff and stating, "Oh, cause you wasn't gonna do shit," and pulled a gun that he aimed directly at Plaintiff.

987) Plaintiff feared for his life and safety, and was unable to leave during the time Defendant Durant was interrogating Plaintiff, threatening Plaintiff, and aiming a gun directly at Plaintiff.

998) Defendant Durant's actions deprived Plaintiff of his liberty to leave the area.

10099) Plaintiff did not consent to Defendant Durant's deprivation of Plaintiff's liberty.

101~~0~~) Defendant Durant had no legal justification to deprive Plaintiff of his liberty. Defendant Durant had no probable cause to believe a crime had been, or was about to be, committed by Plaintiff, and no arrest warrant had been issued for Plaintiff.

102~~1~~) Defendant Durant was acting under color of State law, in his capacity as a Baltimore City police officer. As such, Defendant Baltimore Police, Defendant State, and Defendant Baltimore are liable for Defendant Durant's conduct.

103~~2~~) In the alternative, Defendant Durant's unconstitutional deprivation of Plaintiff's liberty on the invalid basis that he had never seen Plaintiff before constitutes gross negligence, and Defendant Durant is personally liable for his conduct.

104~~3~~) As a direct and proximate result of Defendant Durant's conduct, Plaintiff suffered significant physical and emotional damages. Plaintiff has suffered from extreme and severe emotional stress and anguish resulting in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

WHEREFORE, Plaintiff respectfully requests compensatory damages in an amount to be determined at trial, but in excess of $75~~30~~,000, as well as any available punitive damages, in addition to costs and attorneys' fees.

**COUNT V — AGAINST ALL DEFENDANTS**

**Maryland Declaration of Rights, Articles 24 and 26 — False Imprisonment**

105~~4~~) Every paragraph not falling under this Count is incorporated herein by reference.

106~~5~~) Articles 24 and 26 of the Maryland Declaration of Rights protects citizens against unreasonable search or seizure, including protection against being imprisoned without probable cause.

107~~6~~) At all relevant times, Defendant Durant acted under color of State law. Defendant Durant identified himself to Plaintiff and Plaintiff's family as a Baltimore City police officer, and was acting under his authority as a Baltimore City police officer.

108~~7~~) Defendant Durant deprived Plaintiff of his rights under Articles 24 and 26 of the Maryland Declaration of Rights by falsely depriving Plaintiff of his liberty without probable cause during Defendant Durant's unconstitutional interrogation of Plaintiff.

109~~8~~) When Defendant Durant attempted to interrogate Plaintiff, he had no constitutional basis for doing so, as Plaintiff was simply waiting for his ride and had done nothing to give Defendant Durant probable cause to believe a crime had been, or was about to be, committed by Plaintiff.

110~~09~~) During his unconstitutional interrogation of Plaintiff, Defendant Durant aggressively threatened to call the police even though Plaintiff had done nothing wrong, stopped Plaintiff and Plaintiff's friend when they attempted to leave the area by antagonizing Plaintiff and stating, "Oh, cause you wasn't gonna do shit," and pulled a gun that he aimed directly at Plaintiff.

111~~0~~) Plaintiff feared for his life and safety, and was unable to leave during the time Defendant Durant was interrogating Plaintiff, threatening Plaintiff, and aiming a gun directly at Plaintiff.

112~~1~~) Defendant Durant's actions deprived Plaintiff of his liberty to leave the area.

113~~2~~) Plaintiff did not consent to Defendant Durant's deprivation of Plaintiff's liberty.

114~~3~~) Defendant Durant had no legal justification to deprive Plaintiff of his liberty. Defendant Durant had no probable cause to believe a crime had been, or was about to be, committed by Plaintiff, and no arrest warrant had been issued for Plaintiff.

1154) Defendant Durant was acting under color of State law, in his capacity as a Baltimore City police officer. As such, Defendant Baltimore Police, Defendant State, and Defendant Baltimore are liable for Defendant Durant's conduct.

1165) In the alternative, Defendant Durant's unconstitutional deprivation of Plaintiff's liberty on the invalid basis that he had never seen Plaintiff before constitutes gross negligence, and Defendant Durant is personally liable for his conduct.

1176) As a direct and proximate result of Defendant Durant's conduct, Plaintiff suffered significant physical and emotional damages. Plaintiff has suffered from extreme and severe emotional stress and anguish resulting in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

WHEREFORE, Plaintiff respectfully requests compensatory damages in an amount to be determined at trial, but in excess of $7530,000, as well as any available punitive damages, in addition to costs and attorneys' fees.

**COUNT VI — AGAINST ALL DEFENDANTS**
**Maryland Declaration of Rights, Articles 24 and 26 — Excessive Force**

1187) Every paragraph not falling under this Count is incorporated herein by reference.

1198) Articles 24 and 26 of the Maryland Declaration of Rights protects citizens against unreasonable search or seizure, including protection against excessive force.

12019) At all relevant times, Defendant Durant acted under color of State law. Defendant Durant identified himself to Plaintiff and Plaintiff's family as a Baltimore City police officer, and was acting under his authority as a Baltimore City police officer.

121~~0~~) Defendant Durant deprived Plaintiff of his rights under Articles 24 and 26 of the Maryland Declaration of Rights by using excessive force against Plaintiff to further Defendant Durant's unconstitutional interrogation of Plaintiff.

122~~1~~) When Defendant Durant attempted to interrogate Plaintiff, he had no constitutional basis for doing so, as Plaintiff was simply waiting for his ride and had done nothing to give Defendant Durant probable cause to believe a crime had been, or was about to be, committed by Plaintiff.

123~~2~~) At no time relevant to this action was Plaintiff a threat to the safety of Defendant Durant, Plaintiff, or any other person.

124~~3~~) Despite the fact that Plaintiff was not a threat to any person's safety, the fact that Plaintiff had done nothing to give Defendant Durant probable cause to believe that a crime had been, or was about to be, committed by Plaintiff, and the fact that Defendant Durant had no right to attempt to interrogate Plaintiff, Defendant Durant pulled and aimed a gun directly at Plaintiff.

125~~4~~) Defendant Durant acted unreasonably in his conduct towards Plaintiff, subjecting him to summary punishment and violating his due process rights. Aiming a gun at a minor waiting for his ride constitutes an excessive and unconstitutional use of force.

126~~5~~) Plaintiff feared for his life and safety, and was unable to leave during the time Defendant Durant was interrogating Plaintiff, threatening Plaintiff, and aiming a gun directly at Plaintiff.

127~~6~~) Defendant Durant was acting under color of State law, in his capacity as a Baltimore City police officer. As such, Defendant Baltimore Police, Defendant State, and Defendant Baltimore are liable for Defendant Durant's conduct.

1287) In the alternative, Defendant Durant's unconstitutional deprivation of Plaintiff's liberty on the invalid basis that he had never seen Plaintiff before constitutes gross negligence, and Defendant Durant is personally liable for his conduct.

1298) As a direct and proximate result of Defendant Durant's conduct, Plaintiff suffered significant physical and emotional damages. Plaintiff has suffered from extreme and severe emotional stress and anguish resulting in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

WHEREFORE, Plaintiff respectfully requests compensatory damages in an amount to be determined at trial, but in excess of $757530,000, as well as any available punitive damages, in addition to costs and attorneys' fees.

**COUNT VII — AGAINST ALL DEFENDANTS**
**False Arrest**

13029) Every paragraph not falling under this Count is incorporated herein by reference.

13110) Plaintiff has a protected property and liberty interest in his freedom, his ability to exercise free will and domain over his person, and his ability to be free from unlawful and excessive police force.

13221) Defendant Durant deprived Plaintiff of numerous protected property and liberty interests.

13332) Defendant Durant had no rational reason to believe that there was probable cause for the deprivation of Plaintiff's liberty, as Plaintiff was simply waiting for his ride and had done nothing to give Defendant Durant probable cause to believe a crime had been, or was about to be, committed by Plaintiff.

1343) During his unconstitutional interrogation of Plaintiff, Defendant Durant aggressively threatened to call the police even though Plaintiff had done nothing wrong, stopped Plaintiff and Plaintiff's friend when they attempted to leave the area by antagonizing Plaintiff and stating, "Oh, cause you wasn't gonna do shit," and pulled a gun that he aimed directly at Plaintiff.

1354) Plaintiff feared for his life and safety, and was unable to leave during the time Defendant Durant was interrogating Plaintiff, threatening Plaintiff, and aiming a gun directly at Plaintiff.

1365) Defendant Durant's actions deprived Plaintiff of his liberty to leave the area.

1376) Plaintiff did not consent to Defendant Durant's deprivation of Plaintiff's liberty.

1387) Defendant Durant had no legal justification to deprive Plaintiff of his liberty. Defendant Durant had no probable cause to believe a crime had been, or was about to be, committed by Plaintiff, and no arrest warrant had been issued for Plaintiff.

1398) Defendant Durant's deprivation of Plaintiff's liberty was made without probable cause or warrant, demonstrating ill will, improper motivation, or evil motive.

14039) As a direct and proximate result of Defendant Durant's conduct, Plaintiff suffered significant physical and emotional damages. Plaintiff has suffered from extreme and severe emotional stress and anguish resulting in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

WHEREFORE, Plaintiff respectfully requests compensatory damages in an amount to be determined at trial, but in excess of $7530,000, as well as any available punitive damages, in addition to costs and attorneys' fees.

**COUNT VIII — AGAINST ALL DEFENDANTS**
**False Imprisonment**

1410) Every paragraph not falling under this Count is incorporated herein by reference.

1421) Plaintiff has a protected property and liberty interest in his freedom, his ability to exercise free will and domain over his person, and his ability to be free from unlawful and excessive police force.

1432) Defendant Durant deprived Plaintiff of numerous protected property and liberty interests.

1443) Defendant Durant had no rational reason to believe that there was probable cause for the deprivation of Plaintiff's liberty, as Plaintiff was simply waiting for his ride and had done nothing to give Defendant Durant probable cause to believe a crime had been, or was about to be, committed by Plaintiff.

1454) During his unconstitutional interrogation of Plaintiff, Defendant Durant aggressively threatened to call the police even though Plaintiff had done nothing wrong, stopped Plaintiff and Plaintiff's friend when they attempted to leave the area by antagonizing Plaintiff and stating, "Oh, cause you wasn't gonna do shit," and pulled a gun that he aimed directly at Plaintiff.

1465) Plaintiff feared for his life and safety, and was unable to leave during the time Defendant Durant was interrogating Plaintiff, threatening Plaintiff, and aiming a gun directly at Plaintiff.

1476) Defendant Durant's actions deprived Plaintiff of his liberty to leave the area.

1487) Plaintiff did not consent to Defendant Durant's deprivation of Plaintiff's liberty.

1498) Defendant Durant had no legal justification to deprive Plaintiff of his liberty. Defendant Durant had no probable cause to believe a crime had been, or was about to be, committed by Plaintiff, and no arrest warrant had been issued for Plaintiff.

15049) Defendant Durant's deprivation of Plaintiff's liberty was made without probable cause or warrant, demonstrating ill will, improper motivation, or evil motive.

1510) As a direct and proximate result of Defendant Durant's conduct, Plaintiff suffered significant physical and emotional damages. Plaintiff has suffered from extreme and severe emotional stress and anguish resulting in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

WHEREFORE, Plaintiff respectfully requests compensatory damages in an amount to be determined at trial, but in excess of $7530,000, as well as any available punitive damages, in addition to costs and attorneys' fees.

**COUNT IX — AGAINST ALL DEFENDANTS**
**Intentional Infliction of Emotional Distress**

1521) Every paragraph not falling under this Count is incorporated herein by reference.

1532) Plaintiff has a protected property and liberty interest in his freedom, his ability to exercise free will and domain over his person, and his ability to be free from unlawful and excessive police force.

1543) Defendant Durant deprived Plaintiff of numerous protected property and liberty interests by falsely depriving Plaintiff of his liberty, and using excessive force against Plaintiff by aiming a gun at Plaintiff, which placed Plaintiff in fear for his life.

1554) Defendant Durant aggressively threatened to call the police even though Plaintiff had done nothing wrong, stopped Plaintiff and Plaintiff's friend when they attempted to leave the area by antagonizing Plaintiff and stating, "Oh, cause you wasn't gonna do shit," and pulled a gun that he aimed directly at Plaintiff.

1565) Defendant Durant's violations of Plaintiff's constitutional rights were intentional and/or reckless, as Defendant Durant kept Plaintiff from leaving the area and aimed a gun at Plaintiff, a minor child, despite having no probable cause to stop or interrogate Plaintiff. Defendant Durant knew, or should have known, that his actions were violations of Plaintiff's constitutional rights, as Defendant Durant's sole justification for stopping Plaintiff and aiming a gun at Plaintiff was that Defendant Durant had never seen Plaintiff in the neighborhood before.

1576) Defendant Durant's intentional and/or reckless violations of Plaintiff's constitutional rights was extreme and outrageous, as Defendant Durant aimed a gun directly at a minor child for the sole offense of being in an area where Defendant Durant had never seen Plaintiff before.

1587) As a direct and proximate result of Defendant Durant's conduct, Plaintiff has suffered severe emotional distress which has resulted in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

WHEREFORE, Plaintiff respectfully requests compensatory damages in an amount to be determined at trial, but in excess of $7530,000, as well as any available punitive damages, in addition to costs and attorneys' fees.

**COUNT X — AGAINST ALL DEFENDANTS**
**Gross Negligence**

1598) Every paragraph not falling under this Count is incorporated herein by reference.

16059) When Defendant Durant stopped, interrogated, and brandished a weapon at Plaintiff, he had no constitutional or legally valid basis for doing so. Defendant Durant's claim

that he had never seen Plaintiff before did not give Defendant Durant the authority to stop, interrogate, and use force against Plaintiff.

161~~0~~) When Defendant Durant stopped, interrogated, and brandished a weapon at Plaintiff, he violated Plaintiff's rights under the Fourth Amendment of the United States Constitution and Articles 24 and 26 of the Maryland Declaration of Rights.

162~~1~~) Defendant Durant had a manifest duty to abide by the constitutional limits of policing.

163~~2~~) Defendant Durant violated the duty to abide by the constitutional limits of policing by violating Plaintiff's rights under the Fourth Amendment of the United States Constitution and Articles 24 and 26 of the Maryland Declaration of Rights.

164~~3~~) Defendant Durant could not reasonably believe that he was within his constitutional limits to seize and use force against a minor child on the sole basis that he had never seen this minor before. Accordingly, Defendant Durant's seizure of and use of force against Plaintiff constituted an act so utterly indifferent to the rights of Plaintiff that Defendant Durant acted as if those constitutional rights did not exist.

165~~4~~) In the alternative, Defendant Durant's brandishing a firearm at Plaintiff, a minor child, on the sole basis that he had never seen Plaintiff before constituted an intentional failure to perform a manifest duty and abide by the constitutional limits of policing in reckless disregard of the consequences as affecting the life of another, and evinced a thoughtless disregard of the consequences to Plaintiff's life without the exertion of any effort to avoid those consequences, putting Plaintiff in danger.

166~~5~~) As a direct and proximate result of Defendant State, Defendant Baltimore Police, and Defendant Baltimore's breaches of duty, Plaintiff has suffered damage, being subjected to

unconstitutional excessive force and having his search and seizure rights violated by Defendant Durant, as well as being made to fear for his life every day he went to school. Plaintiff has suffered from extreme and severe emotional stress and anguish resulting in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

WHEREFORE, Plaintiff respectfully requests compensatory damages in an amount to be determined at trial, but in excess of $7530,000, as well as any available punitive damages, in addition to costs and attorneys' fees.

**COUNT XI – AGAINST DEFENDANT STATE, DEFENDANT BALTIMORE AND DEFENDANT BALTIMORE POLICE**
**Negligent Training, Supervision, and Retention**

16766) Every paragraph not falling under this Count is incorporated herein by reference.

16867) Defendant State, Defendant Baltimore Police, and Defendant Baltimore had a duty to ensure Baltimore Police Department officers were trained to conduct their law enforcement activities within constitutional bounds, ensure officers knew how to treat and process citizen complaints of police misconduct, ensure Internal Affairs investigators were trained to understand statutes of limitation and the relevant time-frame in which investigations must be conducted and disciplinary charges filed, and a duty to discipline and/or fire officers who failed to conduct their law enforcement activities in a constitutional manner.

16968) Defendant State, Defendant Baltimore Police, and Defendant Baltimore breached their duty to train Defendant Durant in the state and federal constitutional limits of his police authority, which led Defendant Durant to believe he could pull his firearm on a minor on the basis that he had not seen him before, which is not a constitutional basis for search, seizure, or force.

170~~69~~) Defendant State, Defendant Baltimore Police, and Defendant Baltimore breached their duty to train internal investigators to ensure their investigations were concluded in time to file any necessary disciplinary charges within the applicable statute of limitations, resulting in disciplinary charges filed against Defendant Durant being dismissed, and Defendant Durant facing no discipline as a result of his violation of Plaintiff's rights and person.

171~~0~~) Defendant State, Defendant Baltimore Police, and Defendant Baltimore breached their duty to discipline officers who violate the constitutional rights of citizens when they failed to discipline Defendant Durant after he broke a citizen's jaw during a call for service, and when their failure to adequately train internal investigatory staff allowed Defendant Durant to evade discipline for his violence against Plaintiff and violation of Plaintiff's rights.

172~~1~~) As a direct and proximate result of Defendant State, Defendant Baltimore Police, and Defendant Baltimore's breaches of duty, Plaintiff has suffered damage, being subjected to unconstitutional excessive force and having his search and seizure rights violated by Defendant Durant, as well as being made to fear for his life every day he went to school. Plaintiff has suffered from extreme and severe emotional stress and anguish resulting in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

WHEREFORE, Plaintiff respectfully requests compensatory damages in an amount to be determined at trial, but in excess of $75~~30~~,000, as well as any available punitive damages, in addition to costs and attorneys' fees.

**COUNT XII – AGAINST DEFENDANT STATE, DEFENDANT BALTIMORE AND DEFENDANT BALTIMORE POLICE**
**Fourth Amendment *Monell* Claim**

173) Every paragraph not falling under this Count is incorporated herein by reference.

174) Defendant State, Defendant Baltimore Police, and Defendant Baltimore had a duty to ensure Baltimore Police Department officers were trained to conduct their law enforcement activities within constitutional bounds, ensure officers knew how to treat and process citizen complaints of police misconduct, ensure Internal Affairs investigators were trained to understand statutes of limitation and the relevant time-frame in which investigations must be conducted and disciplinary charges filed, and a duty to discipline and/or fire officers who failed to conduct their law enforcement activities in a constitutional manner.

175) Defendant State, Defendant Baltimore Police, and Defendant Baltimore failed to ensure that their officers conducted their law enforcement activities within constitutional bounds. Further, Defendant State, Defendant Baltimore Police, and Defendant Baltimore have permitted and tolerated a pattern and practice of unjustified, unreasonable, and unlawful abuses of their officers' law enforcement authority, constituting a pattern or practice of law enforcement officers employed by Defendant State, Defendant Baltimore Police, and Defendant Baltimore conducting their law enforcement activities unconstitutionally.

176) Thus, the deprivation of Plaintiff's rights, as described herein, represents not a single isolated, accidental, or peculiar event, but occurrences in the regular procedures followed by these officers, constituting an illegal pattern or practice of such conduct.

177) Defendant State, Defendant Baltimore Police, and Defendant Baltimore are aware of, or, in the alternative, should have been aware of, the illegal pattern or practice of their officers conducting their law enforcement activities unconstitutionally.

178) In addition, Defendant State, Defendant Baltimore Police, and Defendant Baltimore caused their employees to believe that conducting their law enforcement activities unconstitutionally would not be aggressively, honestly, and properly investigated.

179) Defendant State, Defendant Baltimore Police, and Defendant Baltimore should have foreseen that such policies would promote the proliferation of constitutional violations of citizens' rights, without justification, due process, or probable cause.

180) Defendant State, Defendant Baltimore Police, and Defendant Baltimore have instituted and maintained formal and informal customs, policies, and practices that foster, promote, and encourage employees to violate the rights of citizens.

181) This is a result of Defendant State, Defendant Baltimore Police, and Defendant Baltimore's failure to establish effective procedures, rules, orders, guidelines and practices to ensure that such violations do not occur and to ensure that allegations of such violations will be thoroughly investigated and appropriately punished when found to have occurred. As a result of this failure, there has been a regular pattern and practice of conduct similar to that complained of here. This pattern and practice has been manifested in other prior incidents against Defendant State, Defendant Baltimore Police, and Defendant Baltimore.

182) Defendant State, Defendant Baltimore Police, and Defendant Baltimore have failed and refused to take even elementary steps to protect citizens from the type of abuses detailed above.

183) The policies and customs of Defendant State, Defendant Baltimore Police, and Defendant Baltimore, as set forth herein, demonstrate a gross disregard for the constitutional and other rights of the public and the Plaintiff, and were a proximate cause of the injuries suffered by Plaintiff.

184) As a direct and proximate result of Defendant State, Defendant Baltimore Police, and Defendant Baltimore's illegal policies and customs, Plaintiff has suffered damage, being subjected to unconstitutional excessive force and having his search and seizure rights violated by Defendant Durant, as well as being made to fear for his life every day he went to school. Plaintiff has suffered from extreme and severe emotional stress and anguish resulting in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police.

WHEREFORE, Plaintiff respectfully requests compensatory damages in an amount to be determined at trial, but in excess of $75,000, as well as any available punitive damages, in addition to costs and attorneys' fees.

**JURY DEMAND**

Plaintiff requests a trial by jury for all claims so triable.

Respectfully submitted,

HANSEL LAW, PC

/s/

Cary J. Hansel (~~CPF~~ Bar No. ~~9912150020~~14722)
cary@hansellaw.com
2514 North Charles Street
Baltimore, MD 21218
T: 301-461-1040
F: 443-451-8606
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of November, 2020, I caused the foregoing to be filed via the Court's electronic filing system, which will make service on all parties entitled to service.

/s/

Cary J. Hansel

~~**IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND**~~

~~**JAWONE D. NICHOLSON**~~
~~9105 Helaine Hamlet Way~~
~~Columbia, MD 21045~~

~~*Plaintiff,*~~

~~v.~~ ~~Case No.:~~ ____________________

~~**STATE OF MARYLAND**~~
~~Serve: Nancy K. Kopp~~
~~State of Maryland~~
~~Treasurer's Office~~
~~80 Calvert St.~~
~~Goldstein Treasury Bldg.~~
~~Annapolis, MD 21401~~

~~**MAYOR AND CITY COUNCIL OF THE CITY OF BALTIMORE**~~
~~100 North Holliday Street~~
~~Baltimore, Maryland 21202~~

~~and,~~

~~**BALTIMORE POLICE DEPARTMENT**~~
~~601 East Fayette Street~~
~~Baltimore, MD 21202~~

~~and,~~

~~**DAMOND DURANT**~~
~~601 East Fayette Street~~
~~Baltimore, MD 21202~~

~~*Defendants.*~~

~~**LINE REGARDING SUMMONS**~~

~~Dear Sir/Madam Clerk:~~
~~Kindly accept the attached Complaint for filing, issue summonses thereon, and return to undersigned counsel for service by private process.~~
~~Respectfully submitted,~~
~~HANSEL LAW, P.C.~~

~~Cary J. Hansel (CPF No. 9912150020)~~
~~2514 North Charles Street~~
~~Baltimore, MD 21218~~
~~Tel: (301) 461-1040~~
~~Fax: (443) 451-8606~~
~~cary@hansellaw.com~~
~~*Counsel for Plaintiff*~~