**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | | |
|---|---|---|
| JAWONE D. NICHOLSON, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: 1:20-cv-03146 |
| STATE OF MARYLAND, *et al.* | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION FOR PLAINTIFF'S PHYSICAL AND MENTAL EXAMINATION**

Defendant Officer Damond T. Durant ("Defendant"), by and through Stuart R. Goldberg, Thomas H. Barnard, and Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. and pursuant to Fed. R. Civ. P. 35 and this Court's Local Rules, hereby moves this Court for an Order to have Plaintiff Jawone D. Nicholson ("Plaintiff") submit to a physical and mental examination with Defendant's expert witness, Vincent P. Culotta, Ph.D., A.B.N. ("Dr. Culotta") and, in support thereof, states as follows:

1.      Plaintiff's Amended Complaint is replete with allegations that, as a result of the incident stated in the Amended Complaint, he suffered physical and emotional damages and "suffered from extreme and severe emotional stress and anguish resulting in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as experiencing stress and anxiety when around police." *See* ECF Doc. No. 18, at ¶¶ 54, 68, 80, 91, 104, 117, 129, 140, 151, 166, 172, 184.

2.      Plaintiff's requests for damages directly relate to the allegations in the Amended Complaint.

4858-1310-0042v2

3.      Notably, Plaintiff's demanded damages pertain to his mental health condition, putting his mental health before and after the incident in direct controversy.

4.      Regardless of Plaintiff's noted experts, therefore, Defendant is entitled to have Plaintiff appear for, and meaningfully participate in, a physical and mental examination by Defendant's to-be-designated psychologist, Dr. Culotta.

5.      Defendant scheduled an evaluation for Plaintiff to appear on Tuesday, February 22, 2022, at 8:30 a.m., at Neurobehavioral Associates, 5550 Sterrett Place, Suite 300, Columbia, Maryland 21044, with Dr. Culotta.

6.      If ordered to appear, the manner, conditions, and scope of the examination will be done in accordance with Dr. Culotta's Letter of Examination.  Dr. Culotta's Letter of Examination is attached hereto as **Exhibit A**.

7.      Defendant has filed, contemporaneously with this motion, the Notice of Rule 35 Physical and Mental Examinations.

8.      Plaintiff's mental state is at issue and good cause exists for this Court to grant Defendant's Motion.

## LEGAL STANDARD

Fed. R. Civ. P. 35 states that the "court where the action is pending may order a party whose mental or physical condition … is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1).  A plaintiff's relevant mental health is not enough for a court to order a mental examination. *See Ricks v. Abbot Laboratories*, 198 F.R.D. 647, 648 (D.Md. 2001).  A "greater showing of need" is required to meet the "in controversy" and "good cause" standards Fed. R. Civ. P. 35(a)(1) demand.  *Id.* (citing *see*

*Guilford Nat'l Bank v. Southern Ry. Co.*, 297 F.2d 921, 925 (4th Cir. 1962)).  Factors that will

assist a court in finding good cause to order a mental examination include whether:

> "(1) plaintiff has asserted a specific cause of action for intentional or negligent
> infliction of emotional distress; (2) plaintiff has alleged a specific mental or
> psychiatric injury or disorder; (3) plaintiff has claimed unusually severe emotional
> distress; (4) plaintiff has offered expert testimony in support of her claim for
> emotional distress damages; and (5) plaintiff concedes that her mental condition is
> "in controversy" within the meaning of [Rule] 35(a)."

> *Id.*, 198 F.R.D. at 648–49 (citing *Fox v. Gates Corp.*, 179 F.R.D. 303, 307 (D.Colo. 1998)).

## ARGUMENT

**PLAINTIFF'S EMOTIONAL DISTRESS IS "IN CONTROVERSY" AND GOOD
CAUSE EXISTS TO GRANT DEFENDANT'S MOTION.**

The *Fox* factors exist such that Plaintiff's emotional distress is in controversy and

good cause exists for this Court to order that Plaintiff submit to an examination with Dr.

Culotta.  Preliminarily, Plaintiff's counsel represented to Defendant's counsel that they

plan to withdraw their Fed. R. Civ. P. 26(a)(2) Disclosures.  *See* true and correct copy of

Fed. R. Civ. P. 26(a)(2) disclosures attached hereto as **Exhibit B**.  It is immaterial to this

Court's analysis whether such treating physicians are designated as experts.

Plaintiff's Amended Complaint specifically asserts a cause of action for Intentional

Infliction of Emotional Distress.  *See* ECF Doc. No. 17, at Count IX.  In fact, when

Defendant attempted to dismiss this count, *see* ECF Doc. No. 25, Plaintiff opposed

dismissal of the count.  *See* ECF Doc. No. 31.  There, Plaintiff states "there is both a

vulnerable victim … and an offender who abused his position."  *Id.*, at p. 8.  Further,

"Plaintiff was subject to having his life threatened, fearing for his life, and believing that

he was about to die … Being forced to fear for his life at gunpoint for the sole reason that

Plaintiff existed in Plaintiff's own neighborhood is a complete violation of human dignity

that struck to the very core of Plaintiff's being." *Id.*, at p. 12.  Plaintiff cannot allege such

a case, but now allege the pain and resulting suffering is not so severe as to preclude

Defendant from submitting Plaintiff to an expert for a mental examination.

Even if this Court presumes Plaintiff's Fed. R. Civ. P. 26(a)(2) Disclosures are

withdrawn, the notion Plaintiff may have suffered a diagnosable condition is squarely at

issue in this matter.  "Plaintiff has suffered severe emotional distress which has resulted in

physical manifestations, including, but not limited to, anxiety, loss of sleep, depression,

bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as

well as experiencing stress and anxiety when around police."  *See* ECF Doc. No. 17, at ¶

157.  Even if Plaintiff makes a litigation decision to forego pursuit of a formal diagnosis,

there can be no reasonable debate that Plaintiff's emotional distress is directly at issue and

good cause exists to grant this motion.

Regardless if a diagnoseable condition is at issue, by Plaintiff's own pleading and

discovery in this matter, Plaintiff cannot now take the position his emotional distress is not

at issue.

> "As a result of the incident, [Plaintiff] was severely anxious and
> uncomfortable if/when he walked to and from school in the mornings and
> afternoons.  For several months after, he did not go outside to play with
> friends.  When he did need to leave the house on his own, he spent several
> minutes looking out of the window because he did not want to come into
> contact with [Defendant] again.   [Plaintiff] also experienced trouble
> sleeping and woke up frequently during the night feeling as though he was
> in danger.  [Plaintiff] lost sleep, suffered headaches, stomach upset, rapid
> heartbeat, and other physical symptoms of stress."

*See* true and correct copy of Plaintiff's Responses to Defendant Officer Durant's

First Set of Interrogatories, at Response No. 8, attached hereto as **Exhibit C.**

4858-1310-0042v2

The notion that Plaintiff now suffered "run-of-the-mill" emotional distress that would prevent him from appearing for a mental examination with Defendant's to-be-designated expert is an untenable position, based solely on Plaintiff's Amended Complaint and discovery responses.

The record in this matter is clear that at least four (4) of the five (5) *Fox* factors exist that would indicate Plaintiff's emotional distress is directly in controversy.  A single mental examination with a qualified examiner, *see* **Exhibit A**, to assess Plaintiff's allegations, clarify or attribute prior experiences to this incident, or make any other readily admissible finding is prudent. Moreover, Plaintiff cannot claim prejudice in any way as Plaintiff will have the opportunity to cross-examine Defendant's expert, should he so choose, in a pre-trial deposition or at trial.

WHEREFORE, it is respectfully requested that Defendant's Motion for Rule 35 Physical and Mental Examinations be granted, and Plaintiff be ordered to appear for a mental examination with Dr. Culotta, as stated in this Motion.

Dated: January 21, 2022.                                Respectfully submitted,


                                                        /s/ Stuart R. Goldberg
                                                        Stuart R. Goldberg, Federal Bar #21236
                                                        sgoldberg@bakerdonelson.com
                                                        Thomas H. Barnard, Federal Bar #27488
                                                        tbarnard@bakerdonelson.com
                                                        Baker, Donelson, Bearman,
                                                           Caldwell & Berkowitz, PC
                                                        100 Light Street, 19th Floor
                                                        Baltimore, Maryland 21202
                                                        410-862-1339 - Telephone
                                                        443-547-0669 - Facsimile

                                                        *Attorneys for Defendant Officer Damond T. Durant*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that, on this 21st day of January 2022, Defendant filed a copy of the foregoing Motion for Plaintiff's Physical and Mental Examination in the United States District Court for the District of Maryland, and served the same on all counsel of record, electronically, via the Court's CM/ECF e-filing system.

_/s/ Stuart R. Goldberg_

Stuart R. Goldberg, Federal Bar #21236

4858-1310-0042v2