```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
                                  :
JAWONE D. NICHOLSON
                                  :
     v.                           :   Civil Action No. DKC 20-3146
                                  :
BALITMORE POLICE DEPARTMENT,
et al.                            :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case is a Rule 35 motion to compel the physical and mental examination of Plaintiff Jawone D. Nicholson filed by Defendant Officer Damond Durant. (ECF No. 53). The issues have been fully briefed, and the court now rules, no hearing being necessary. Local Rule 105.6. For the following reasons, the motion will be denied without prejudice.

**I.  Background**

The relevant factual background in this case is set out in a prior opinion. (ECF No. 38, at 1-6); *Nicholson v. Balt. Police Dep't*, No. 20-cv-3146-DKC, 2021 WL 1541667, at *1-2 (D.Md. Apr. 20, 2021). In short, Plaintiff Nicholson alleges that in November 2017, when he was sixteen years old, Baltimore City Police Officer Durant menacingly interrogated him and pointed a gun at him while he simply waited behind his house for an after-school pick-up van. (ECF No. 38, at 1-3); *Nicholson*, 2021 WL 1541667, at *1. Within

a month, his mother filed with the Baltimore City Civilian Review Board a complaint that was later dismissed because disciplinary charges were not filed within the statute of limitations. (ECF No. 38, at 4); *Nicholson*, 2021 WL 1541667, at *2.

On September 23, 2020, Plaintiff filed a complaint in the Circuit Court for Baltimore City against Officer Durant, the State of Maryland, the Mayor and City Council of Baltimore, and the Baltimore Police Department. (ECF No. 2). The case was removed to this court the following month. (ECF No. 1). Plaintiff then filed an amended complaint. (ECF No. 18). All four Defendants moved to dismiss some or all of the claims against them. (ECF Nos. 25, 27, 28). Only the claims against Officer Durant remain. (ECF Nos. 38; 39). Those claims are for: false arrest, false imprisonment, and excessive force under the Fourth Amendment and the Maryland Declaration of Rights. (ECF No. 18, at 10-21). Plaintiff also asserts common law claims for false arrest, false imprisonment, the intentional infliction of emotional distress, and gross negligence. (*Id.*, at 21-27). He alleges that these violations caused him physical and emotional damages. (*Id.*, ¶ 55).

On January 21, 2022, Officer Durant moved under Fed.R.Civ.P. 35 to compel Plaintiff to submit to a physical and mental examination with Dr. Vincent P. Culotta, Ph.D., A.B.N. (ECF No. 53). Plaintiff opposed and Defendant replied. (ECF Nos. 54; 56).

**II. Analysis**

A district court may, at its discretion, "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner" upon a motion for good cause. Fed.R.Civ.P. 35(a); *see Stratford v. Brown*, No. 17-cv-3963, 2018 WL 4623656, at *1 (S.D.W.V. Sept. 26, 2018) (describing decision as within district court's "sound discretion"). The party requesting the order must therefore make an affirmative showing (1) that a party's physical or mental state "is really and genuinely in controversy," and (2) "that good cause exists" for ordering the exam. *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964) (citing *Guilford Nat'l Bank of Greensboro v. S. Ry. Co.*, 297 F.2d 921, 924 (4th Cir. 1962)). These elements are not met "by mere relevance," *id.*, and require a "greater showing of need" than most discovery rules, *Guilford*, 297 F.2d at 924. As a result, Rule 35 necessitates "discriminating application" by the district judge. *Schlagenhauf*, 379 U.S. at 118. Where issued, a Rule 35 order "must specify the time, place, manner, conditions, and scope of the examination, as well as the person [] who will perform it." Fed.R.Civ.P. 35(a)(2)(B).[1]

---

[1] In addition, all parties and the person to be examined must have notice of the motion. Fed.R.Civ.P. 35(a)(2)(A).

Whether a plaintiff's condition is "in controversy" and whether "good cause" exists to issue a Rule 35 order are "necessarily related." *Schlagenhauf*, 379 U.S. at 119. At bottom, analysis of both aims to balance the need for an examination against the burdens it imposes. *See Guilford*, 297 F.2d at 924 (discussing the "showing of need" required to justify an invasion as serious as a physical or mental exam). Where, as here, emotional distress is at issue, courts maintain that there isn't enough justification to compel an exam unless "the average lay person would have difficulty evaluating the nature, extent, and cause" of the distress. *EEOC v. Maha Prabhu, Inc.*, No 07-cv-0111, 2008 WL 2559417, at *2 (W.D.N.C. June 23, 2008). A compelled exam still may not be justified if the information sought "could have been obtained through less invasive tools of discovery." *Id.*

To determine whether emotional distress is beyond lay expertise, courts in this district look to whether:

> (1) plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) plaintiff has alleged a specific mental or psychiatric injury or disorder; (3) plaintiff has claimed unusually severe emotional distress; (4) plaintiff has offered expert testimony in support of h[is] claim for emotional distress damages; and (5) plaintiff concedes that h[is] mental condition is "in controversy" within the meaning of [Rule] 35(a).

*Ricks v. Abbott Labs.*, 198 F.R.D. 647, 648-49 (D.Md. 2001) (quoting *Fox v. Gates Corp.*, 179 F.R.D. 303, 307 (D.Colo. 1998)); *see also,*

4

*e.g.*, *J.F. v. Correct Care Sols., LLC*, No. 16-cv-2177-GJH, 2018 WL 1276801, at *2 (D.Md. Mar. 9, 2018) (using same factors).[2]

Mr. Nicholson has put in controversy emotional distress beyond the "garden variety" sort that "everyone experiences." *Hughley v. Balt. Cnty. Gov't*, No. 19-cv-1578, 2021 WL 6655870, at *2 (D.Md. May 13, 2021) (quotation omitted); *Ricks*, 198 F.R.D. at 649. Most importantly, he asserts a claim for intentional infliction of emotional distress ("IIED") which requires a showing of severe emotional distress under Maryland law. *Batson v. Shiflett*, 325 Md. 684, 733 (1992). "Severe distress is that which no reasonable man could be expected to endure . . . [and which] disrupt[s] h[is] ability to function on a daily basis." *Takacs v. Fiore*, 473 F.Supp.2d 647, 652 (D.Md. 2007) (quotations marks and citations omitted). An IIED claim, "in and of itself, sufficiently places that party's mental condition 'in controversy' so as to warrant a Rule 35 examination." *Simon v. Bellsouth Advert. & Pub. Corp.*, No. 09-cv-0177-RJC-DCK, 2010 WL 1418322, at *3 (W.D.N.C. 2010) (quotation omitted).

Mr. Nicholson's alleged damages support the same conclusion. *See J.F.*, 2018 WL 1276801, at *2 (looking to whether the plaintiff

---

[2] The parties and the *Ricks* opinion refer to this as the *Fox* test. (ECF Nos. 53, at 3; 54, at 4); 198 F.R.D. at 649. Although the test originated from a case called *Turner v. Imperial Stores*, this opinion adopts the *Fox* framing for consistency. *See Fox*, 179 F.R.D. at 307 (citing 161 F.R.D. 89, 93-95 (S.D.Cal. 1995)).

"claimed to have suffered physical effects from the emotional distress[ and] whether the plaintiff sought medical treatment"). He claims that he "suffered physical and emotional damages" which included "being made to fear for his life every day he went to school" and "extreme and severe emotional stress and anguish resulting in physical manifestations, including, but not limited to, anxiety, loss of sleep, depression, bouts of spontaneous crying, hypervigilance, days-long periods of social withdrawal, as well as [] stress and anxiety when around police." (ECF No. 18, ¶ 55).  Those allegations alone might not amount to unusually severe distress.  Apparently, however, Mr. Nicholson's family terminated their lease and moved because of the stress that living so close to the scene of the event caused him.  (*See* ECF No. 53-4, at 10).  In addition, Mr. Nicholson sought weekly therapy in the months following the encounter with Officer Durant and had annual visits thereafter. (*See id.*, at 8-9).

Lastly, Mr. Nicholson offered expert testimony in support of his claims, (ECF No. 53-3), but now attempts to withdraw his expert designation, (ECF Nos. 53, at 3; 54, at 10).  At least one other court has faced this very situation: a party who "initially plead[ed] a more severe or particularized claim for mental or emotional damages, [sought] and obtain[ed] expert assistance in the treatment of her condition, propose[ed] to offer expert testimony in support of that claim, and, thereafter, change[d] her

6

mind." *Pugach v. New Mexico*, No. 99-cv-0599, 1999 WL 35808192, at *3 (D.N.M. Dec. 22, 1999). It held that such an about-face does not take severe emotional distress off the table. *Id.* As there, Mr. Nicholson's assertion that his claim is now one for garden variety emotional distress "is not consistent with the specific allegations of the complaint," particularly his IIED claim, and may not be consistent with the care he received. *Id.*

Officer Durant has therefore demonstrated ample need to scrutinize Mr. Nicholson's emotional distress allegations through expert examination because at least three *Fox* factors are present. That Mr. Nicholson may not allege a specific clinical condition and does not concede that his mental condition is in controversy do not change this result.

However, Officer Durant has not shown that other means of obtaining the requested information have been exhausted because he has not yet examined Mr. Nicholson's medical records, (ECF No. 56, at 4). *See Maha Prabhu*, 2008 WL 2559417, at *2 (citing *Schlagenhauf*, 379 U.S. at 118). Disclosure of medical records and treating physicians' opinions "offers a less intrusive means of obtaining similar (if not the same) information" as an independent mental examination. *Winstead v. Lafayette Cnty. Bd. of Cnty. Cmmr's*, 315 F.R.D. 612, 616 (N.D.Fl. 2016). Although Officer Durant has a clear and significant need to examine the allegations of severe emotional distress put in controversy by Mr. Nicholson,

7

he cannot show good cause to justify a compelled exam without first having his expert review Mr. Nicholson's medical records. That Officer Durant believes expert testimony will be necessary to the defense of the IIED claim against him, (ECF No. 56, at 4), does not alone mean that Mr. Nicholson's medical records will not be an adequate substitute for examining Mr. Nicholson in person.[3]

Mr. Nicholson will not be ordered to submit to a mental examination at this time. Officer Durant may renew his Rule 35 motion after completing his review of Plaintiff's medical records. Should he do so, he would be well-advised to explain in clear and specific terms what information necessary to his defense he still requires and why it can only be obtained by an expert examination. *See, e.g.*, *Simon*, 2010 WL 1418322, at *4 (permitting exam in part because Defendant "established the inadequacy of relying on Plaintiff's medical records"). Officer Durant should also state more clearly the amount of time required for the evaluation, its manner and scope, and how the methods proposed will obtain information relevant to this case. It is currently unclear why

---

[3] Plaintiff also argues that any expert testimony that Defendant might obtain from the exam would be inadmissible because it would be irrelevant and any probative value it might have would be substantially outweighed by its prejudice to Plaintiff. (ECF No. 54, at 9-12). It is at least plausible that the clear inadmissibility of any expert's testimony could undermine the justification for a Rule 35 order. However, it is far from clear at this stage that Dr. Culotta's testimony would be inadmissible. Under Rule 35, he need only be "suitably licensed or certified."

Officer Durant believes examining Mr. Nicholson for brain dysfunctions and their potential relationship to "problems in thinking, learning, emotions, and/or behavior" will shed light on the causes, duration, and characteristics of the emotional distress he allegedly suffered because of a traumatic experience. Lastly, the court will only entertain a request to conduct a mental examination, rather than a physical exam, because the focal point of Mr. Nicholson's alleged damages is his severe emotional distress.  The physical manifestations of that distress are minor in comparison.  In any case, Officer Durant's papers, while unclear, suggest he is really seeking a mental exam only.  (*See, e.g.*, ECF No. 53, at 5 (referring to a "single mental examination" and requesting an order "to appear for a mental examination").

### III. Conclusion

For the foregoing reasons, Officer Durant's Rule 35 motion will be denied without prejudice.  A separate order will follow.

                                                               /s/
                                       DEBORAH K. CHASANOW
                                       United States District Judge