IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JAWONE NICHOLSON**<br><br>*Plaintiff,*<br><br>v.<br><br>**DAMOND DURANT**<br><br>*Defendant.* | Case No.: 1:20-CV-03146 DKC |

## JOINT PROPOSED VOIR DIRE

On November 10, 2017, Plaintiff Jawone Nicholson and his schoolmate were walking home when Plaintiff received a call from his after-school program asking them to wait where they were because their transportation van was on its way. The two waited underneath a car port because it was cold and windy outside. Defendant Durant, who also lived in the neighborhood, saw the two and asked them who they were and what they were doing there. After a verbal confrontation, Defendant Durant displayed his firearm during the disputed interaction. Plaintiff brought this suit against Defendant Durant, who was an off-duty police officer at the time, alleging violations of his state and federal constitutional civil rights as well as gross negligence. The defense denies these allegations.

The Parties, by their attorneys, request the following voir dire questions be posed to each panel member, and that any panel member giving an affirmative response to any specific voir dire question be asked to approach the bench for follow-up questioning by the Court and by counsel:

**Requested Voir Dire**

1. Does any member of the jury panel have any knowledge of the matter now pending before the Court?

2. Does any member of the jury panel know or have any knowledge of the parties in this matter? They are:

   a. Jawone Nicholson

   b. Damond Durant

If so, please indicate how you know Jawone Nicholson or Damond Durant, or describe what knowledge you have of the parties.

3. Is any member of the jury panel or any close relative/friend familiar with any of the following individuals, who may be called as witnesses in the trial of this matter? They are:

   a. Erica Hamlett

   b. Duanelle Woodard

   c. Keymani Johnson

   d. Rickiara Tyson

   e. Steven Fowler

   f. Henry Garrison

   g. Christopher Weir

   h. Brandi Kurty

   i. Sydney Bendu

   j. Carlos Feliciano

   k. Gerald Price

   l. Brian Hatcher

      m.  Charles J. Key, Sr.

4. Does any member of the jury panel know or have any knowledge of the lawyers in this matter? They are Cary Hansel and Tiana Boardman of Hansel Law, P.C., and Tom Barnard and Sabrina Marquez of Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.

5. Do you know or recognize any other member of this jury panel?

6. Are you, any member of your family, or any of your close friends related to the presiding judge, their law clerk, or the court personnel you see here in the courtroom?

7. Do you live in, or have any familiarity with, Bellfall Court in Columbia, Maryland?

8. Does any member of the jury panel himself/herself, or have any close family members or friends, who work for Baltimore City Police Department?

9. Does any member of the jury panel himself/herself, or have any close family members or friends, who work for Howard County Police Department?

10. Does any member of the jury panel himself/herself, or have any close family members or friends, who work for any law enforcement agency?

11. Does any member of the jury panel or any member of his or her immediate family have any legal, medical, or law enforcement training of any kind?

12. Is there any member of the jury panel who would be more likely to believe a witness because that witness is a law enforcement officer?

13. Have you or any member of your immediate family participated in military basic training, law enforcement academy, or other law enforcement training?

14. Have you, anyone in your family or any close friends ever been employed in public safety, law enforcement, or correctional services?

15. Has any member of the panel or any member of your immediate family ever worked for or had an ownership interest in an organization involved in the settlement or processing of claims for personal injury, including working as a claims adjuster, investigator or other employment?

16. Has any panel member or any relative/close friend ever made a claim against a government entity, such as a city, county or state? By claim, I mean a request for money from the government because of an injury, whether or not a lawsuit was ever filed.

17. Has any panel member or any relative/close friend, ever filed a lawsuit against a law enforcement agency? If so, please identify the relevant law enforcement agency and describe the nature of the lawsuit.

18. Has any panel member or any relative/close friend ever been involved in a lawsuit as the person bringing the claim or defending the claim? The claims include any injury or damage, including a car accident, workers' compensation claim, assault and battery, or a slip and fall.

19. Has any panel member or any relative/close friend ever been the victim of a crime?

20. Has any panel member or any relative/close friend ever been the victim of a trespassing?

21. Is there any member of the jury panel who would not be comfortable granting a judgment against police officers if the evidence met the necessary legal standard?

22. Has any member of the jury panel ever donated money to or joined an organization founded to aid or support law enforcement or correctional officers, including, but not limited to, the Fraternal Order of Police?

23. Has any member of the jury panel donated money to entities to or joined an organization founded to aid or reform or defund law enforcement?

24. Does anyone believe that jury verdicts are too high, that there is an insurance crisis, or that our civil justice system is in need of reform?

25. Does anyone believe that our law enforcement and criminal justice system are in need of reform?

26. Does any panel member have personal feeling, either positive or negative, or any bias or prejudices concerning the Second Amendment of the United States Constitution and the use of firearms?

27. Does any member of the panel feel that people who are injured should not be able to sue for psychological damages resulting from their injury?

28. Does any member of the panel believe, either on the basis of religious or political beliefs or otherwise, that our legal system should not permit one who has been injured to sue the parties they believe are legally responsible, and to seek money damages from them?

29. Does any member of the panel have feelings that there should be a limit on recovery no matter what the loss?

30. Does anyone believe that a person who is named in a lawsuit is likely to be liable, simply because the allegations are made against them and filed with a Court?

31. Does any member of the panel believe that a jury verdict will affect you, the public, your friends, or your neighbors in any way?

32. After you have seen the evidence and heard the testimony in this case, I will instruct you as to what the law is so that you can apply the law to the facts. Is there anyone who will not be able to apply law as I explain it to you even if your ideas of the law are different from what I tell you?

33. Will each of you be able to render your verdict solely on the evidence presented to you and completely follow the jury instructions that I give you?

34. Does any member of the prospective jury panel have any preconceived opinion, bias, or prejudice against claims brought for damages which may prevent him or her from fairly and impartially deciding the issues in this case, and if the evidence warrants, awarding damages that the evidence presents?

35. Is there any member of the prospective jury panel who, for religious, moral, or any other reason, feels that he or she cannot sit in judgment in this matter?

36. Does any prospective juror know of any other fact or circumstance which would make it difficult for him or her to sit as a fair and impartial juror in this case, and render a verdict in accord with the evidence and the law?

37. The trial of this case is expected to last up to) 7 days.  Do any of you have any commitments that would prevent you from serving on this jury for the duration of this trial?

38. Does any member of the panel have any medical problems, physical ailments, or any difficulties that would prevent you from sitting for hours at a time?

39. Does any member of the prospective panel have any specific problems at home or on the job which might make you lose your concentration during the trial or cause you to hurry the decision-making process in the jury room?

40. Is there any member of the jury panel who does not fully understand the English language, such that he or she may not be able to understand all the questions and argument by counsel, the answers by witnesses, and instructions by the Court?

41. Has any member of the jury panel served on a jury in the past ten (10) years? If so, was there anything about your prior experience as a juror which might make you unwilling or unable to serve as a juror in this case?

42. Of those of you who have served on civil juries, do you regard the case you heard to be similar to this case as I have described it?

43. Do any of you now have any opinion, tendency, or feelings, which have not been covered, which would influence your verdict in this case?

44. Does any panel member believe that the race of a person influences the treatment that person receives by police?

45. Does any panel member have strong beliefs about the impact of race on the treatment that person receives by the legal system as a whole?

46. In a trial, the plaintiff puts on his evidence first, and then the defendant has the opportunity to put on their evidence. Do you think you might have difficulty keeping an open mind regarding this case until you have heard all the evidence and the Court has instructed you on the law?

47. This is a civil case, as distinguished from a criminal case. One of the important differences between criminal and civil cases is that, in civil cases such as this, Plaintiff is only required to prove their case by what is known as a preponderance of the evidence. He is not required to prove his case beyond a reasonable doubt as is required in a criminal case. Proving a case by a preponderance of the evidence may be described as tipping the scales of justice the slightest bit in favor of the Plaintiff. Is there anyone who does not understand the difference between a civil and a criminal case as I have just described it?

Respectfully submitted,

| | |
|---|---|
| HANSEL LAW, P.C. | BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C. |
| | |
| */s/ Cary J. Hansel*_____ | */s/ Thomas H. Barnard*_____ |
| Cary J. Hansel (Bar No. 14722) | Thomas H. Barnard, Esq. (Fed. Bar No. 27488) |
| Tiana Boardman (Bar No. 30638) | Sabrina N. Marquez, Esq. (Fed. Bar No. 30516) |
| 2514 N. Charles Street | 100 Light Street, 19th Floor |
| Baltimore, Maryland 21218 | Baltimore, MD 21202 |
| Tel: (301) 461-1040 | Tel: 410-862-1339 |
| Fax: (443) 451-8606 | Fax: 443-547-0669 |
| cary@hansellaw.com | tbarnard@bakerdonelson.com |
| tboardman@hansellaw.com | smarquez@bakerdonelson.com |
| *Counsel for Plaintiff* | *Counsel For Defendant Durant* |