IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

(Northern Division)

| | | |
|---|---|---|
| JAWONE D. NICHOLSON | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:20-cv-03146-DKC |
| DAMOND DURANT | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE*
TO EXCLUDE IMPROPER CHARACTER EVIDENCE**

Defendant Damond Durant ("Defendant"), by and through his undersigned counsel and pursuant to Rules 403 and 404 of the Federal Rules of Evidence, hereby moves *in limine* for an Order preventing Plaintiff Jawone Nicholson ("Plaintiff") from making references in opening statement, during the evidence presentation phase of the trial, during impeachment, and/or in closing statement, and from attempting to introduce evidence, aimed, directly or indirectly, to impugn Defendant based on any other crime, wrong, or act, for which Defendant was not convicted, which are not probative of Defendant's truthfulness, and which are remote in time. In support, Defendant states as follows:

**INTRODUCTION**

Because this case centers on a relatively brief incident where the only available eye-witnesses appear to be the Plaintiff, the Defendant, and a non-party, discovery has revealed that Plaintiff may attempt to unfairly and prejudicially impugn the character of the Defendant by attempting to introduce evidence of other crimes, wrongs, or acts to show that Defendant acted in accordance with such character on the date of the particular incident with Plaintiff. *See* Plaintiff's Proposed Exhibit Nos. 9, 10, & 39. Defendant, however, was not convicted of any crime, and any

1

alleged prior crimes, wrongs, or acts have nothing to do with any issue in the case; they are not probative of Defendant's truthfulness and are remote in time. Plaintiff's strategy is clear: inflame the worst passions of the jury and hope those passions produce a result which the objective and undisputed facts do not justify. Defendant files this Motion *in Limine* to preclude Plaintiff from resorting to such unfairly prejudicial tactics and to assure the jury resolves the issues in this case impartially, without relying on unfair prejudice, and in the manner required by law.

## **FACTUAL BACKGROUND**

This lawsuit arises out of an encounter on November 10, 2017 between Defendant (an off-duty Baltimore City Police Officer), Plaintiff, and Plaintiff's friend– who is not a party – wherein Defendant displayed his personal firearm while off-duty and in plain clothes after feeling threatened. During the course of this litigation, Defendant has been deposed and Plaintiff's counsel has questioned Defendant on topics related to Defendant's prior incidents and prior lawsuits. Specifically, Plaintiff's counsel inquired into a prior incident from 2013 involving Defendant (in his capacity as a police officer) and an individual named Jon Black-Thaxton wherein the individual's jaw was broken during his arrest for domestic violence, and the individual subsequently filed an Internal Affairs complaint and lawsuit. Dep. of Damond Durant, Volume 1 at 16:1-17:19, 18:17-19:20, attached hereto as **Exhibit A**; Dep. of Damond Durant, Volume 2 at 219:11-223:2, 277:3-9, attached hereto as **Exhibit B**. Plaintiff appears keen on relying on this prior incident to show that on the day of the incident with Plaintiff, November 10, 2017, Defendant acted in accordance with that same character. Similarly, Plaintiff's counsel asked Defendant at length in his deposition about prior lawsuits that are unrelated to this instant matter, such as foreclosure proceedings, failure to pay rent, traffic infractions, car accidents, workers' compensation, bankruptcy proceedings, and a paternity suit for child support. Ex. B, Dep. of

Damond Durant, Volume 2 at 241:16-243:20, 260:21-263:9, 265:15-19, 270:3-14, 271:12-16, 278:19-279:18. While these lawsuits are seemingly irrelevant to the instant dispute, Plaintiff has indicated a desire to use Defendant's testimony related to the prior lawsuits to establish his alleged untruthfulness. In the deposition, however, Defendant repeatedly stated that he could not remember every time "[i]n [his] entire life" and "in the whole history of the world" where he has been a party to "any criminal or civil proceedings of any type." Ex. B, Dep. of Damond Durant, Volume 2 at 271:17-272:19. While Plaintiff's counsel may not believe him, this disagreement is not probative of Defendant's truthfulness or untruthfulness, this line of questioning was objected during the deposition, and the underlying conduct that the inquiries relate to are entirely irrelevant to the instant proceeding. As detailed below, evidence related to Defendant's prior incidents and prior lawsuits would be properly excluded by the Court.

Further, the Plaintiff and the Defendant in this case are both African American males. Nonetheless, in various media statements and other correspondence, Plaintiff's Mother, Ms. Hamlett, has suggested Plaintiff was approached by Defendant because of Plaintiff's race. For instance, Ms. Hamlett's social media contains postings that attempt to link the incident to George Floyd and police brutality. *See* Erica Hamlett Social Media Postings attached hereto as **Exhibit C (**posting "My child was 16 yrs [sic] old this officer profiled [sic]pulled his gun. He claims my son looked out of place at 3:45pm in the afternoon in Howard County. #GeorgeFloyd" and reposting a description of the incident claiming an "[o]ff-duty officer ***held a 16 [year old] black teenage boy at gunpoint***, did not identify himself as an officer, and questioned him" (emphasis added)). While there is no allegation of racial animus in the Amended Complaint, it is not infeasible that Plaintiff could argue that he was treated differently because of his race in reference to a perception or preconceived notion that "all police" are racists, regardless of their race, based on prior bad acts

3

by other police reported in the media, in Baltimore or in other places around the country. These arguments, based on stereotypes, perceptions, and bias, that are not supported in this case by any evidence, expert or otherwise, are thinly veiled attempts to introduce propensity evidence designed to harm Defendant and stoke the jury into action. This kind of evidence or argument should not be permitted.

## **LEGAL STANDARD**

A motion *in limine* seeks "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Changzhou Kaidi Elec. Co. v. Okin Am., Inc.*, 102 F. Supp. 3d 740, 745 (D. Md. 2015) (citing *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). "Such motions are designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Changzhou,* 102 F. Supp. 3d at 745 (internal citations and quotations omitted). A motion *in limine* to preclude evidence "calls on the [C]ourt to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence." *Brockway v. Ojeyemi*, No. 20-CV-1868-LKG, 2023 WL 185177, at *2 (D. Md. Jan. 13, 2023) (internal citations and quotations omitted). "The Court has wide discretion in rulings governing trial, including whether to preclude or admit evidence or to prohibit comment, arguments, or questioning." *Id.*

Relevant here, "Rule 404(b) of the Federal Rules of Evidence prohibits the admission of evidence of other wrongs or acts solely to prove a defendant's bad character." *United States v. Lighty*, 616 F.3d 321, 351 (4th Cir. 2010). Specifically, Rule 404(b)(1) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). While evidence of other wrongs may be admitted to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," for such evidence

4

to be admissible, the evidence of other wrongs must nevertheless pass muster under the balancing test of Rule 403 even if offered for a permissible purpose pursuant to Rule 404(b)(2). *See id*. at 352 ("The last requirement in [the] Rule 404(b) analysis involves a Rule 403 determination, that is, the probative value of the evidence must not be substantially outweighed by its prejudicial effect."). Rule 403 provides that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Prejudice, as used in Rule 403, refers to evidence that has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997) (internal citations and quotations omitted).

## **ARGUMENT**

Plaintiff, his counsel, and witnesses should be precluded from offering evidence, eliciting testimony, impeaching, and/or making statements or arguments concerning any prior incidents involving Defendant other than that of November 10, 2017, and any testimony or evidence concerning prior lawsuits involving Defendant or the deposition questioning about such lawsuits. Such matters violate Federal Rule of Evidence 404, as these prior incidents and lawsuits are merely offered to prove that, in this instance, Defendant acted in accordance with his prior conduct. Furthermore, any nominal probative value of the evidence is substantially outweighed by the significant prejudice to Defendant. Further, trial inquiry into these irrelevant deposition topics would be improper impeachment. Similarly, Plaintiff should be precluded from offering evidence, eliciting testimony and/or making statements or arguments regarding Defendant harboring racial

animus or acting on racial animus as there is no evidence to support these assertions and such argument or testimony is improper character evidence and highly prejudicial.

**I.     Plaintiff Should Be Precluded from Offering Evidence, Eliciting Testimony and/or Making Statements or Arguments Concerning Any Prior Incidents Involving Defendant.**

Defendant's prior incidents are inadmissible to show that on November 10, 2017 he acted in accordance with that character. Fed. R. Evid. 404(b)(1). Based on Plaintiff's Amended Complaint, and deposition questions, it is clear that Plaintiff intends to rely on the 2013 incident involving Defendant (in his capacity as a police officer) where Jon Black-Thaxton's jaw was broken as improper character evidence. Plaintiff's Amended Complaint alleges that Defendant Durant "broke a citizen's jaw during a call for service" and specifically references "***Defendant Durant's proclivities towards violence and violating citizens' constitutional rights*** when Defendant Durant and the City of Baltimore were sued because Defendant Durant assaulted a citizen and broke his jaw while responding to a call for service, which, on information and belief, led to a settlement." (ECF No. 17, ¶¶ 45, 53) (emphasis added). This type of character evidence is undoubtably improper.

Evidence of Defendant's prior incidents, specifically the 2013 incident where the individual's jaw was broken, would only be admissible for the limited purpose of showing "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Plaintiff's constitutional tort claims, however, do not require Plaintiff to show intent or motivation. *See Jackson v. City of White Plains,* 2016 WL 234855, at *2 (S.D.N.Y. Jan. 19, 2016) (excluding under Rule 404 evidence of defendant police officer's prior uses of force, as none of the acceptable uses of such evidence were relevant to the plaintiff's excessive force claims which are analyzed under an objective standard); *see also United States v. George*, 732 F.3d 296, 299 (4th Cir. 2013) ("The reasonable suspicion standard is an objective

one, and the officer's subjective state of mind is not considered."). Further, "[w]here, as here, a defendant does not assert that his conduct was the result of an accident or mistake, the admission of evidence to show absence of mistake or lack of accident is irrelevant and therefore inadmissible." *Id.* Additionally, even if offered for a permissible purpose, evidence of Defendant's prior acts would fail under the Rule 403 probative-prejudice balancing test. Specifically, any nominal probative value of the evidence is substantially outweighed by the significant prejudice to Defendant.

### II. Plaintiff Should Be Precluded from Offering Evidence, Eliciting Testimony and/or Making Statements or Arguments Concerning Any Prior Lawsuits Involving Defendant.

With respect to prior lawsuits brought against Defendant, the relevance of such evidence and the probative-prejudice balancing test depends on the nature of the prior lawsuit, including whether the prior lawsuit is sufficiently related to the instant case, and the purpose for which such evidence will be used at trial. *Bermudez v. City of New York*, 2019 WL 136633, at *7 (E.D.N.Y. Jan. 8, 2019). Pursuant to this calculus, "[u]nrelated prior lawsuits are unlikely to yield evidence sufficiently probative to overcome the risk of unfair prejudice to defendants or confusing the issues for the jury." *Id*. Here, there is no evidence of factually similar lawsuits that can be introduced for a permissible purpose under Rule 404(b) and that would satisfy Rule 403's balancing test.

To the extent Plaintiff claims that Defendant's testimony from his deposition concerning his prior lawsuits relates to Defendant's credibility, and therefore is probative of Defendant's truthfulness, this evidence would be properly excluded. As an initial matter, this entire line of questioning was objected to – with a standing objection granted[1] – and those objections would

---

[1] *See, e.g.,* Ex. B, Dep. of Damond Durant, Volume 2 at 260:9-14 ("MR. GOLDBERG: Counsel, rather than me having to renew the relevancy objection on all of the Maryland Judiciary Case Search files you bring up, I'm going to levy that objection if you grant it. MR. HANSEL: No problem. I'll recognize a continuing objection there. No problem.");

need to be resolved before any of this prior testimony could be considered for use at trial. *See, e.g., Drew v. Int'l Bhd. of Sulphite & Paper Mill Workers*, 37 F.R.D. 446, 449 (D.D.C 1965) ("[T]he better practice is for attorneys to note their objections, but permit their clients to answer questions—leaving resolution of the objection to pre-trial or trial."). Further, if there is no indication that "plaintiff actually lied" or "whether he was simply unaware at the time of his deposition" the evidence is not actually probative of truthfulness or untruthfulness under Fed. R. Evid. 608. *Harnsberger v. Sugule*, 2014 WL 6675149, at *2 (D. Kan. Nov. 25, 2014) (granting motion *in limine* and excluding reference to topic discussed in deposition as evidence was not probative of truthfulness because there was no indication that party actually lied); *see also Warfield v. City of Chicago*, 2009 WL 10739476, at *3 (N.D. Ill. Mar. 9, 2009) (granting motion *in limine* to prohibit reference to separate court proceedings where "it is not clear that [witness] gave false testimony at her deposition").

At his deposition, Defendant simply identified the lawsuits he could remember, and even asked Plaintiff's counsel "is there a particular one you have that will maybe jog my memory?" Ex. B, Dep. of Damond Durant, Volume 2 at 241:16-243:20. Defendant was unsure what was considered relevant, and even clarified that he had been involved in lawsuits involving a car accident, workers' compensation, and a bankruptcy proceeding (which he did not think constituted a "lawsuit"). Ex. B, Dep. of Damond Durant, Volume 2 at 241:16-243:20. Defendant further confirmed that foreclosure proceedings had been initiated against his house, he failed to pay rent, he was charged for driving on a suspended license over 23 years ago, and that a paternity suit had been filed for child support. Ex. B, Dep. of Damond Durant, Volume 2 at 260:21-263:9, 265:15-

---

*Id.* at 264:17-21 ("Q Is that the approach you're taking, sir? You're going to tell me you don't remember until I pull it up? MR. GOLDBERG: Objection. Form. Argumentative. You can answer.").

19, 270:3-14, 271:12-16, 278:19-279:18. Plaintiff's counsel continued to ask Defendant "[i]n your entire life" and "in the whole history of the world have you ever been a party to any criminal or civil proceedings of any type?" Ex. B, Dep. of Damond Durant, Volume 2 at 271:17-272:19. Defendant explained that the question covers things that happened long ago, and he does not remember all of them. Ex. B, Dep. of Damond Durant, Volume 2 at 271:17-272:19.[2] This is not probative of Defendant's truthfulness or untruthfulness.

Further this kind of "mini -rial" about whether Plaintiff's counsel believes Defendant's answers at deposition would be a distraction and side-show at trial that is irrelevant to the current proceedings. *See Martinez v. City of Chicago,* 2016 WL 3538823, at *5 (N.D. Ill. June 29, 2016) ("Before assessing the parties' motions in limine, the Court notes one overarching theme, which is its unwillingness to allow the parties to create unnecessary sideshows and mini-trials on issues of little relevance.").

---

[2] As an example, below is an exchange between Plaintiff's counsel and Defendant:

> Q Okay. Did you also forget that your wages were being garnished by the mother of your child when I asked you earlier about civil proceedings from the beginning of the world to the present that you were a party to? Did you also forget that?
>
> MR. GOLDBERG: Objection to form, but you can answer.
>
> **A Yes.**
>
> Q Can you see how I would find it difficult to believe that you would forget things like having a house repossessed and having your wages garnished? Can you see how that would be hard for somebody to believe? That you would forget those things?
>
> MR. GOLDBERG: Objection to form, but you can answer.
>
> **A I don't know what you would believe, but I'm telling you what I remember and what I know.**

Ex. B, Dep. of Damond Durant, Volume 2 at 283:2-18.

### III. Plaintiff Should Be Precluded From Suggesting, Arguing, and Offering Evidence of Racial Animus.

As noted above, there are no allegations of racial animus in this case, and there has been no evidence of racial bias, motivation, or discrimination on the part of Defendant. Nonetheless, evidence of alleged racial discrimination or maltreatment by other officers on other occasions may lead to a stereotype or generalization about policemen and their actions. Evidence of racial animus by Defendant was not found or developed in discovery, was not suggested or even colorably indicated through any expert review or study, and should not be allowed to be argued or suggested at trial.

First, there is no factual basis or evidence to make a finding of racial animus in this case and it would be improper to suggest so in argument. A jury must make findings based on evidence, not speculation and prejudice. Further, arguments made in closing arguments must be based on facts in evidence, and reasonable inferences thereof, not speculation or prejudice. *See United States v. Wilson*, 135 F.3d 291, 298 (4th Cir. 1998) ("[A]rgument is limited to the facts in evidence. Of course a prosecutor may argue that the evidence gives rise to an inference, but the suggested inference must be reasonably drawn from the facts in evidence." (internal citations and quotations omitted)).

Second, these kinds of arguments are highly prejudicial and likely to mislead or confuse the jury based on stereotypes. Defendant should be judged on his own actions, not on the perceptions of prior bad acts of other who happen to work in the same career field. As noted in Defendant's associated Motion *In Limine* to Exclude Evidence of Actions and Damages Caused By or Attributed to Non-Parties, Plaintiff's exhibit list discloses the potential intent to introduce actions of the Department as a whole, and other officers. These items are, at least impart, intended as character evidence to attempt to link the current incident with other actions and alleged

misconduct by police, at times and circumstances unrelated to the instant case. This is essentially 404(b) evidence by group, or association, to show a propensity of the Defendant to act like other police officers. This is not proper evidence. *See United States v. Doe*, 903 F.2d 16, 25 (D.C. Cir. 1990) ("Appeals to racial passion can distort the search for truth and drastically affect a juror's impartiality."). Further, any attempts to cater to public perception, media portrayals, and other stereotypes are of little relevance to the conduct of an off-duty police officer. Moreover, any remote probative value is outweighed by the prejudice of appealing to stereotypes, confusing the jury to think this case is a statement about police or the City in general, and distracting from the consideration of admissible evidence. *See Dyson v. Szarzynski,* No. 13 CV 3248, 2014 WL 7205591, at *8 (N.D. Ill. Dec. 18, 2014) (granting motion *in limine* to bar testimony, argument, or innuendo of racial motivation where there was no evidence that defendant's conduct was racially motivated (quoting *Doe*, 903 F.2d at 25)); *see also Martinez*, 2016 WL 3538823, at *13 (same).

## **CONCLUSION**

Defendant requests an Order from this Court that: (a) prohibits Plaintiff from offering evidence, impeachment, eliciting testimony and/or making statements or arguments concerning prior incidents involving Defendant, such as a prior incident with Defendant where an individual's jaw was broken, and any associated Internal Affairs complaint, Internal Affairs investigation, and/or lawsuit; (b) prohibits Plaintiff from offering evidence, impeachment, eliciting testimony, and/or making statements or arguments concerning other lawsuits involving Defendant; (c) prohibits Plaintiff from offering evidence, impeachment, eliciting testimony and/or making statements or arguments regarding Defendant harboring racial animus or acting on racial animus; (d) prohibits Plaintiff from offering evidence, impeachment, eliciting testimony and/or making statements or arguments regarding any other alleged prior crimes, wrongs, or acts have nothing to

do with any issue in the case; (e) provides such other restrictions and prohibitions on Plaintiff necessary to avoid unfair prejudice, a confusion of the issues, and misleading the jury.

Dated: March 1, 2024.

            Respectfully submitted,

            */s/ Thomas H. Barnard*
            Thomas H. Barnard, Fed. Bar No. 27488
            tbarnard@bakerdonelson.com
            Sabrina N. Marquez, Fed. Bar No. 30516
            smarquez@bakerdonelson.com
            BAKER, DONELSON, BEARMAN,
             CALDWELL & BERKOWITZ, P.C.
            100 Light Street, 19th Floor
            Baltimore, Maryland 21202
            Phone: 410-862-1185
            Direct Fax: 410-547-0699

            *Attorneys for Defendant Damond Durant*