IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**JAWONE D. NICHOLSON**

*Plaintiff*,

v.                                             Case No.: 1:20-cv-03146-DKC

**DAMOND DURANT**

*Defendant*.

**CONSOLIDATED OPPOSITION TO DEFENDANTS'
MOTIONS *IN LIMINE* AT DOCUMENT 100 AND DOCUMENT 101[1]**

Comes now, Plaintiff Jawone Nicholson, by and through undersigned counsel, and respectfully files the aforesaid consolidated opposition, stating as follows:

**I.    INTRODUCTION**

Plaintiffs' counsel understands that each of the issues raised in the two motions consolidated for opposition here (#100 and #101) were reserved for trial and/or resolved during the Pretrial Conference on March 8, 2024. During that hearing, the parties made certain agreements or representations about the evidence and the Court gave the parties various direction regarding the evidence at issue or potentially at issue in these motions. Obviously, the Plaintiff will abide by the representations made by his counsel and the directions of the Court without

---

[1] During the Pretrial Conference on March 8, 2024, the Court allowed for a consolidated Opposition to these two motions given the overlapping nature of the issues addressed therein. The defense followed a potentially misleading naming convention in titling the motions when the defense purported that they seek to preclude "impermissible hearsay statements" and "evidence of actions and damages caused by or attributed to non-parties." As the plaintiff obviously does not believe any evidence he will seek to admit, including that listed by the defense, falls into either of these categories, the motions are referred to here instead by their numbers on the Court's docket.

need for further action. Rather than attempt to capture all of the nuances of that hearing in this filing, the Plaintiff has ordered the transcript.

This consolidated opposition is not meant to urge the Court to reopen or reconsider issues already decided, but instead to complete the record and avoid any later appearance of an "unopposed" motion. The Plaintiff understands that all of the issues raised in the motions at issue have already been resolved, to the extent they can be, prior to trial and that the balance of the issues are reserved for trial.[2] *Having first made this understanding clear*, the Plaintiff incorporates herein the arguments made by his counsel at the Pretrial Conference on March 8, 2024, and further states as follows:

## II.    BRIEF FACTUAL BACKGROUND

The incident in this complaint occurred on November 10, 2017. On that date, Plaintiff was a high school student and participant in an off-campus after-school program which provided transportation. While he and his classmate were waiting for the transportation van to arrive, Defendant Durant approached the two boys, began to aggressively question their presence in their own neighborhood (telling them they do not "belong" there) and pulled a gun on the boys, pointing it at them. The boys did nothing wrong.

Plaintiff slowly backed away from the Defendant and when he felt he was a relatively safe distance away, he called his grandmother who was nearby. Plaintiff's grandmother, mother, and other relatives rushed to meet him. Plaintiff's mother called 911 and Howard County Police responded to the scene.

---

[2] As the Court will recall, there was one issue, raised *not* in the two motions addressed here, but in Document 102, in connection with which the Court requested additional briefing. That issue, which deals with misrepresentations made by the Defendant during his deposition in this case regarding prior lawsuits against him, is addressed in a separate opposition filed contemporaneously herewith.

After the incident, Plaintiff reasonably feared for his physical safety in his own neighborhood. Since Plaintiff was a minor at the time, his mother assisted him with tasks like obtaining a peace order, filing an Internal Affairs complaint and transporting him to school. She also successfully advocated for him before the legislature in the hopes that changes would be made to prevent another child from being in the same position as her son.

Shortly after the incident, Plaintiff transferred schools and began attending Freestate ChalleNGe Academy. When he was away at school, he did not experience the same level of concern for his physical safety because he knew that Defendant Durant was miles away and there would be no reason for the two of them to cross paths. However, every time he came home, he experienced emotional distress in the form of insomnia, lack of appetite, increased heart rate, and very often stayed in the house. He talked to his mother at great length about the possibility of relocating with the hope that he would feel safe once again. Ms. Hamlett saw the toll that these events were having on her son and ultimately decided to relocate her family as a direct result of the concerns of the Plaintiff, Jawone Nicholson.

Defendant seeks to exclude all statements made by Plaintiff to law enforcement, the media, and family members as well as all statements made to legislative bodies. For the reasons stated below, Defendant's motion should be denied.

### III.   ANALYSIS

This motion should be denied as moot as Plaintiff does not intend to offer any out of court statements for their truth except where they qualify for a hearsay exception. *See, e.g.*, Fed. R. Evid. 803, *et seq*. Moreover, this motion is of a type that should be reserved for trial so that decisions can be made in light of the evidence at trial, the foundation then existing for admission and any "opening of the door" to certain evidence.

3

### A. Plaintiff Intends to Introduce Out of Court Statements For Purposes Other Than the Truth of the Matter Asserted.

#### 1. Plaintiff's Exhibit 1 – Howard County Police Department Incident Report

Both Defendant Durant and Plaintiff's mother called Howard County Police in connection with this incident and PFC Christopher Weir was one of the first officers who responded to the scene. Plaintiff intends to call Officer Weir to at trial to testify about what he observed that day. The report may be used to refresh his recollection and/or as a prior inconsistent statement should he experience difficulties recalling his personal observations or perceptions.

The report is also a record of a regularly conducted activity under Rule 803(6). The report was filled out by Officer Weir at or near the time of the incident. Reports of this nature are routinely filled out by officers after a situation such as this one.

#### 2. Plaintiff's Exhibit 2 – November 10, 2017 statement by Jawone Nicholson

On the same date of the incident, Plaintiff provided a written statement to Officer Weir. The statement may be considered a present sense impression under Rule 803(1) as it was made shortly after perceiving the events. The written statement may also be used to refresh Plaintiff's recollection. Finally, the statement may become admissible if there are any allegations of recent fabrication of anything in the report.

#### 3. Plaintiff's Exhibit 3 – Peace Order

Following the incident in the complaint, Plaintiff immediately sought a protective order against Defendant Durant. The parties live in the same general vicinity and Plaintiff reasonably feared coming in contact with Defendant Durant on a day when he had to walk to or from school. Plaintiff communicated this to his mother, Erica Hamlett, who petitioned for a peace order on behalf of her minor son the very next day. The petition for the peace order is a statement of

4

Plaintiff's then-existing mental and emotional condition pursuant to Rule 803(3). The statements contained in the peace order may also be used to refresh a witness' recollection.

The final peace order and the act of seeking it may also be offered in support of damages. Plaintiff reasonably feared crossing paths with Defendant Durant again which caused him to obtain the peace order in the first place. The fact that he went so far as to seek and obtain a peace order helps establish damages by demonstrating the extent of the Plaintiff's fear and concern and by undermining the defense theme that this was a brief incident which (allegedly) did not significantly impact the Plaintiff.

### 4. Plaintiff's Exhibit 4 – Statement by Erica Hamlett

Ms. Hamlett is the Plaintiff's mother. Almost immediately after this incident occurred, she began contacting the Baltimore City Law Department to pursue charges against Defendant Durant on behalf of her son who was a minor at the time. In support thereof, she wrote and submitted a statement intending to put Baltimore City on notice of a potential civil action as required by the relevant Tort Claims Act Notice statute. *See* Def. Ex. A. Ms. Hamlett personally observed Defendant Durant following Plaintiff with his hands in his pockets and also observed a firearm being removed from the officer's person. *Id.* This letter may be used to refresh Ms. Hamlett's recollection pursuant to Fed. R. Evid. 803(5) in the event that she is unable to recall her personal observations from that date. It may also be used in the (unexpected) event of her unavailability. Finally, it is admissible to the extent it contains present sense impressions.

### 5. Plaintiff's Exhibit 5 – Letters Regarding Internal Affairs Investigation

Ms. Hamlett's correspondence with the Civilian Review Board and the Office of Civil Rights, on behalf of her son who was still a minor at the time, may be used during the cross examination of Defendant Durant and his employment as a law enforcement officer with the

Baltimore City Police Department (hereinafter "the Department") under all of the same rationale cited above in connection with her statement of a potential claim to the Baltimore City Law Department.

These documents also fall under the public records exception. Government reports which include findings and opinions from an official investigation are admissible under Rule 803(8) if the contents are trustworthy. *Distaff, Inc. v. Springfield Contracting Corp.*, 984 F.2d 108, 111 (D. Md. 1993). Factors that may indicate a lack of trustworthiness include unreliability of the report, an inadequate investigation, and inadequate foundation for conclusions. *Id*. Defendant Durant was investigated by the Baltimore Police Department and was charged with violating their internal policies in connection with the incident involving the Plaintiff. The department solicited information from 10 witnesses including but not limited to Plaintiff, his mother, Mr. Hatcher who was with Plaintiff at the time of the incident, and the responding officers from Howard County Police Department. The final determination made by the Department was based on sound evidence and is admissible under the public record exception.

6. **Plaintiff's Exhibit 18 – Damond Durant's Responses to Interrogatories**

Defendant provided responses under oath to Plaintiff's requests for interrogatories. The responses may be offered during cross examination and/or to refresh Defendant's recollection.

7. **Plaintiff's Exhibit 23 – January 19, 2018 Investigative Summary**

Plaintiff was interviewed by Detective Gerald Price of the Howard County Police Department as part of a follow-up investigation pertaining to the peace order. Statements made therein may be used to refresh Plaintiff's recollection if necessary, as a present sense impression or to combat any claims of recent fabrication.

8. **Plaintiff's Exhibit 25 – Public Information Requests**

These documents may be offered to refresh Ms. Hamlett's recollection related to the actions she took on behalf of her son during the pursuit of formal charges against Defendant Durant, to combat claims of recent fabrication, and/or to demonstrate the degree to which the Plaintiff was affected.

### 9. Plaintiff's Exhibit 26 – Correspondence from Office of Civil Rights

These documents may be offered to refresh witness recollections related to the actions taken during the pursuit of formal charges against Defendant Durant, to combat claims of recent fabrication and to show the extent of damages.

### 10. Plaintiff's Exhibit 27 – Emails from Investigator Shaun Clark

These documents may be offered to refresh witness recollections related to the actions taken during the pursuit of formal charges against Defendant Durant, to combat claims of recent fabrication and to show the extent of damages.

### 11. Plaintiff's Exhibit 28 – December 7, 2017 Civilian Review Board Complaint Form

These documents may be offered to refresh witness recollection related to the actions taken during the pursuit of formal charges against Defendant Durant, to combat claims of recent fabrication and to show the extent of damages.

### 12. Plaintiff's Exhibit 29 – Civilian Review Board Complaint

As a result of the incidents in the complaint, Plaintiff, with the assistance of his mother filed a complaint with the Office of Civil Rights. The complaint may be used during the cross examination of Defendant to combat claims of recent fabrication and to show the extent of damages.

### 13. Plaintiff's Exhibit 30 – March 6, 2019 Legislative Testimony of Erica Hamlett

These documents may be offered to refresh Ms. Hamlett's recollection related to the actions she took on behalf of her son during the pursuit of formal charges against Defendant Durant and/or to combat claims of recent fabrication.

### 14. Plaintiff's Exhibit 31 – Final Order Regarding Charges Against Damond Durant

The final order may be used during the cross examination of Defendant Durant and also in support of damages and/or to combat claims of recent fabrication. Plaintiff may testify about his emotional state after he was informed that charges were unable to be brought against Defendant.

### 15. Plaintiff's Exhibit 32 – Internal Affairs Findings

These documents also fall under the public records exception. Government reports which include findings and opinions from an official investigation are admissible under Rule 803(8) if the contents are trustworthy. *Distaff, Inc. v. Springfield Contracting Corp.*, 984 F.2d 108, 111 (D. Md. 1993). Factors that may indicate a lack of trustworthiness include unreliability of the report, an inadequate investigation, and inadequate foundation for conclusions. *Id*. Defendant Durant was investigated by the Baltimore Police Department for, *inter alia*, allegations of neglect and conduct unbecoming of a police officer which were ultimately sustained.

### 16. Plaintiff's Exhibit 33 – Affidavit of Captain Donald Diehl

The affidavit may be used to refresh recollection or during the cross examination of witnesses.

**17. <u>Plaintiff's Exhibit 34 – Affidavit of Gary Tuggle</u>**

The affidavit may be used to refresh recollection or during the cross examination of witnesses.

**18. <u>Plaintiff's Exhibit 37 – Hearing/Trial Audio Recordings</u>**

These recordings may be used during the cross examination of Defendant Durant ad prior inconsistent statements and/or to refresh his recollection.

**19. <u>Plaintiff's Exhibit 40 – January 19, 2018 Investigative Summary</u>**

Plaintiff does not intend to separately use Exhibit 40 as it is duplicative of Exhibit 23.

**20. <u>Plaintiff's Exhibit 41 – Internal Affairs Division Investigation Records</u>**

These documents fall under the public records exception. Government reports which include findings and opinions from an official investigation are admissible under Rule 803(8) if the contents are trustworthy. *Distaff, Inc. v. Springfield Contracting Corp.*, 984 F.2d 108, 111 (D. Md. 1993). Factors that may indicate a lack of trustworthiness include unreliability of the report, an inadequate investigation, and inadequate foundation for conclusions. *Id*. Defendant Durant was investigated by the Baltimore Police Department for, *inter alia*, allegations of neglect and conduct unbecoming of a police officer which were ultimately sustained. These records may become admissible during trial for purposes of refreshing recollection or as prior inconsistent statements.

### B. <u>Plaintiff Does Not Intend to Introduce Evidence Of Damages Incurred by Non-Parties</u>.

This motion should be denied as moot because Plaintiff has no intention of introducing damages caused by, attributed to, or incurred by non-parties. Plaintiff does not intend to elicit testimony from Ms. Hamlett regarding any injuries or damages, whether financial or emotional, that either *she or the other members of her family* may have incurred after the incident.

Ms. Hamlett may testify about the factors that influenced her decision to move, namely the changes she observed in her son after the incident and his pleas to relocate for his personal safety.

Similarly, Mr. Nicholson may testify about how the move, caused by his fears, affected him. Plaintiff intends to testify about his own damages as a result of the move which are non-economic.

## IV.    CONCLUSION

For all the reasons stated above, this Court should deny Defendants' motion.

Respectfully submitted,

HANSEL LAW, PC

_____/s/_____
Cary J. Hansel (Bar No. 14722)
Tiana Boardman (Bar No. 30638)
cary@hansellaw.com
tboardman@hansellaw.com
2514 North Charles Street
Baltimore, MD 21218
T: 301-461-1040
F: 443-451-8606
*Counsel for Plaintiff*