IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAWONE D. NICHOLSON                    :

                                    :

    v.                                 :   Civil Action No. DKC 20-3146

                                      :

BALTIMORE POLICE DEPARTMENT,
et al.                                 :

### MEMORANDUM OPINION

Presently pending and ready for resolution in this civil rights action is a motion to stay enforcement of judgment and associated discovery pending appeal (ECF No. 157), and a motion to seal an attached exhibit (ECF No. 159), filed by Defendant Damond Durant ("Mr. Durant").  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, both motions will be granted.

## I.   Background

The facts of this case are fully stated in the court's last memorandum opinion.  (ECF No. 154).  On April 4, 2024, this court entered judgment in the amount of $250,000 for Plaintiff Jawone D. Nicholson ("Mr. Nicholson"), and against Mr. Durant.  (ECF No. 138).  On May 2, 2024, Mr. Durant filed a motion to alter or amend judgment, or in the alternative, a motion for new trial *nisi remittitur*.  (ECF No. 145).  Mr. Nicholson filed an opposition on May 20, 2024, (ECF No. 148), and Mr. Durant replied on June 10,

2024.   (ECF No. 151).   On July 16, 2024, this court denied Mr. Durant's motion.   (ECF No. 154).   On August 15, 2024, Mr. Durant filed a motion to stay enforcement of judgment and associated discovery pending appeal and a motion to seal.   (ECF Nos. 157, 159).   Concurrently, Mr. Durant filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit.   (ECF No. 156).   On September 16, 2024, Mr. Nicholson filed an opposition to Mr. Durant's motion to stay (ECF No. 165), and Mr. Durant replied on September 25, 2024 (ECF No. 168).

## II.  Analysis

### A. Stay of Enforcement of Judgment and Associated Discovery Pending Appeal

Mr. Durant asks the court to stay enforcement of its April 4, 2024 judgment and associated discovery during the pendency of his appeal.   (ECF No. 157).   Mr. Durant further requests that the court waive the requirement for him to post a supersedeas bond to obtain the requested stay.   (ECF No. 157).   Mr. Durant argues that a district court may waive the requirement for a party to post a supersedeas bond when "the judgment debtor's present financial condition is such that the posting of a full bond would impose undue financial burden."   (ECF No. 157-1, at 4) (citing *Alexander v. Chesapeake, Potomac & Tidewater Books, Inc.*, 190 F.R.D. 190, 193 (E.D.Va. 1999)).   Mr. Durant has filed an affidavit and paystubs detailing his income, the garnishment of his wages due to

an unrelated civil judgment, his living expenses, and his outstanding debts. (ECF Nos. 158, 158-1). The affidavit establishes that Mr. Durant, a Baltimore City Police Officer, has very little—if any—resources left after the garnishment, taxes, rent, and utilities are accounted for. He is also paying on two relatively small personal loans and a car loan. In short, he presently has no ability to satisfy the judgment. Mr. Durant asserts that requiring him to "post even a nominal bond pending appeal would cause undue financial hardship." (ECF No. 157-1, at 5). Mr. Durant requests that the court waive the requirement to post a bond pursuant to Fed.R.Civ.P. 62(b).

In response, Mr. Nicholson argues that Mr. Durant's affidavit and paystubs show that he has "substantial assets from which collection can and should be permitted." (ECF No. 165, at 2). He quarrels with the lack of documentation for rent, utilities, personal loans, and car payments and concludes that Mr. Durant should pay the judgment instead of these living expenses. Mr. Nicholson further contends that an unsecured stay of execution might allow Mr. Durant to "put [his funds] beyond the reach of judgment creditors[.]" (ECF No. 165, at 2-3). Mr. Nicholson requests that the court deny Mr. Durant's requests or, if the court grants a stay of enforcement, the court still allow discovery in aid of enforcement to continue. (ECF No. 165, 6-7).

**1. Stay of Enforcement of Judgment**

The Federal Rules of Civil Procedure permit a party to "obtain a stay by providing a bond or other security" "any time after judgment is entered."  Fed.R.Civ.P. 62(b).  The party requesting a stay usually must provide a full supersedeas bond to "preserve the status quo during appeal and preserve the ability of the judgment creditor to execute on the judgment." *TransPacific Tire & Wheel, Inc. v. Orteck Intern., Inc.*, No. 2006-cv-0187-DKC, 2010 WL 2774445, *5 (D.Md. July 13, 2010) (citing *Hoffman v. O'Brien*, No. 06-cv-3447-WDQ, 2009 WL 3216814, at *1 (D.Md. Sept. 28, 2009)). Local Rule 101(1)(a) provides, "[u]nless otherwise ordered by the Court, the amount of any supersedeas bond filed to stay execution of a money judgment pending appeal shall be 120% of the amount of the judgment plus an additional $500 to cover costs on appeal."

The Fourth Circuit "'has not adopted any particular standard to guide a District Court's discretion in granting unsecured stays,' though every circuit that has addressed the issue has found that district courts have discretion to issues 'a stay on the basis of some lesser bond, or indeed, no bond.'" *TransPacific Tire*, 2010 WL 2774445, *5 (quoting *CapitalSource Fin. LLC v. Pittsfield Weaving Co.*, No. 06-cv-2028-AW, 2008 WL 3850385 (D.Md. Mar. 7, 2008)).  District courts in the Fourth Circuit have followed the holding in *Poplar Grove v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189 (5th Cir. 1979), that a district court exercising its

discretion must act to "preserve the status quo while protecting
the non-appealing party's rights pending appeal."  *Id.* at 1190-
91.

> A bond may not be necessary when either: "(1)
> the judgment debtor can easily meet the
> judgment and demonstrates that it will
> maintain the same level of solvency during the
> appeal, [or] (2) when the judgment debtor's
> present financial condition is such that the
> posting of a full bond would impose an undue
> financial burden."

*Hoffman*, 2009 WL 3216814, at *2 (citing *Poplar Grove*, 600 F.2d at
1191)).  The Fifth Circuit further explained:

> [I]f the judgment debtor's present financial
> condition is such that the posting of a full
> bond would impose an undue financial burden,
> the court . . . is free to exercise a
> discretion to fashion some other arrangement
> for substitute security through an appropriate
> restraint on the judgment debtor's financial
> dealings, which would furnish equal protection
> to the judgment creditor.

*Poplar Grove*, 600 F.2d at 1191.  "If a court chooses to depart
from the usual requirement of a full security supersedeas bond to
suspend the operation of an unconditional money judgment, it should
place the burden on the moving party to objectively demonstrate
the reasons for such a departure."  *Id.*

Mr. Durant has met this burden.  Mr. Durant provided an
affidavit detailing his income, the garnishment of his wages due
to an unrelated civil judgment, his living expenses, and his
outstanding debts.  (ECF No. 158).  Additionally, Mr. Durant

provided copies of his paystubs as support for his inability to pay a bond.   (ECF No. 158-1).   Mr. Nicholson notes that the affidavit does not account for every dollar of Mr. Durant's income (ECF No. 165, at 2), however that is not the requirement for the court to waive the supersedeas bond.  Mr. Durant has met his burden of showing that the posting of a full bond "would impose an undue financial burden[.]" *See Poplar Grove*, 600 F.2d at 1191.

The court recognizes the need to preserve the status quo during the pendency of the appeal and therefore finds it necessary to ensure Mr. Durant does not materially change his financial situation.  Accordingly, the motion to stay enforcement of judgment will be granted, but Mr. Durant will be ordered to not take on any debts, other than those listed in his affidavit, without leave of court during the pendency of his appeal.

### 2. Stay of Related Discovery

"A judgment creditor . . . may obtain discovery from any person—including the judgment debtor" in aid of enforcement of the judgment or its execution.  Fed.R.Civ.P. 69(a)(2).  Because Mr. Durant's request to stay enforcement will be granted, further discovery to aid enforcement of a judgment is not necessary.

### B. Motion to Seal

The Fourth Circuit has reminded us that:

> It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil

6

and criminal proceedings. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 428 (4th Cir. 2005). The right of public access springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). "The distinction between the rights of access afforded by the common law and the First Amendment is significant, because the common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment." *In re United States for an Order Pursuant to 18 U.S.C. Section 2703*, 707 F.3d 283, 290 (4th Cir. 2013) (quoting *Va. Dep't of State Police*, 386 F.3d at 575) (internal quotation marks omitted). The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that "countervailing interests heavily outweigh the public interests in access." *Rushford* [*v. New Yorker Mag., Inc.*], 846 F.2d [249,] 253 [(4th Cir. 1998)]. By contrast, the First Amendment secures a right of access "only to particular judicial records and documents," *Stone* [*v. Univ. of Marland Med. Sys. Corp.*], 855 F.2d [178,] 180 [(4th Cir. 1998)], and, when it applies, access may be restricted only if closure is "necessitated by a compelling government interest" and the denial of access is "narrowly tailored to serve that interest," *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986) (quoting *Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 510, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984) (internal quotation marks omitted)).

*Doe v. Pub. Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014). The

*Public Citizen* court further explained that:

> When presented with a motion to seal, the law
> in this Circuit requires a judicial officer to
> comply with the following procedural
> requirements: (1) provide public notice of
> the sealing request and a reasonable
> opportunity for the public to voice objections
> to the motion; (2) consider less drastic
> alternatives to closure; and (3) if it
> determines that full access is not necessary,
> it must state its reasons—with specific
> findings—supporting closure and its
> rejections of less drastic alternatives.

*Id.* at 272 (citing *In re Knight Pub. Co.*, 743 F.2d 231, 234-35 (4th Cir. 1984)); *see also Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).  Additionally, Local Rule 105.11 requires the party seeking sealing to provide "(a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."

The motion to seal will be granted.  Mr. Durant's motion to seal the exhibit has been pending on the docket with no objection for over a month while the motion for stay of enforcement has been opposed.

No less drastic alternatives to sealing exist.  A review of the exhibit indicates that it relates to sensitive topics such as Mr. Durant's salary, financial information, and other personal information.  (ECF No. 158).  Disclosure of the information risks prejudice to Mr. Durant that outweighs any public interest in

access.   The motion to seal exhibit C (ECF No. 158) will be granted.

## III. Conclusion

For the foregoing reasons, Defendant's motion for stay of enforcement of judgment and associated discovery (ECF No. 157) will be granted, and Defendant's motion to seal (ECF No. 159) will be granted.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
